DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court, Juvenile Division, judgment that awarded Athens County Children Services (ACCS) permanent custody of Julian Harness, born July 4, 2004.
 {¶ 2} Appellant Martha Harness, the child's natural mother, raises the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY GRANTING CHILDREN SERVICES' REQUEST FOR PERMANENT CUSTODY IN THE ABSENCE OF REASONABLE EFFORTS BY THE AGENCY, DENYING APPELLANT SUBSTANTIVE DUE PROCESS RIGHTS TO THE CARE, CUSTODY AND CONTROL OF HER CHILD."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT FOUND IT WOULD BE IN JULIAN'S BEST INTEREST TO GRANT PERMANENT CUSTODY TO THE STATE."
 {¶ 3} On April 10, 2006, ACCS filed a complaint alleging the child to be abused, neglected, and dependent and requesting permanent custody. The complaint alleged: (1) a pit bull bit the child while appellant cared for the dog for its owner, a reputed drug dealer; (2) ACCS received information that the mother was using cocaine and breast-feeding the child, and the mother subsequently tested positive for cocaine; (3) the child tested positive for cocaine; (4) the mother was involved in a domestic violence dispute in her boyfriend's home while the child was present; and (5) the mother previously had her parental rights involuntarily terminated with respect to two other children.
 {¶ 4} On June 19, 2006, the trial court found the child to be abused and neglected. The guardian ad litem recommended that the court award ACCS permanent custody. The guardian ad litem noted that the child appears to be thriving in the foster home and also advised the court that the mother lacks proper judgment: she used cocaine and continued to breast-feed the child; she allowed a pit bull to stay in her home; she exposed the child to drug users and alleged drug dealers and a physically abusive boyfriend. The guardian ad litem stated that appellant may "be able to live up to expectations for a while, but history shows that she has a tendency to backslide into her previous lifestyle, and that could have devastating effects on [the child]."
 {¶ 5} The trial court found that awarding ACCS permanent custody would serve the child's best interests and, that under R.C. 2151.414(E)(2), (10), (11), and (15), the child cannot or should not be returned to either parent:
 "Regarding R.C. 2151.414(E)(2), mother has at least a five-year history of depression and a long history of alcoholism and cocaine addiction. The evidence of these problems comes from Dr. Coppinger, her primary care physician, her recently acquired substance abuse counselor, and, to some degree, from the testimony of mother, herself. Depression is an Axis I diagnosis and stems from genetic as well as environmental factors not likely to change. The substance abuse is so severe that even with an infant to care for she was using cocaine on a near-daily basis as a breast-feeding single parent. [Appellant] is no stranger to juvenile courts and twice previously learned the hard way that the law will not knowingly allow children to regularly be place[d] in harm's way.
 She has repeatedly been unable or unwilling to provide a safe, adequate, permanent home for Julian and there is no reason to believe that she will make the long-term lifestyle changes necessary in the next year or near future. She continues to visit her abusive boyfriend even though she had previously assured the court that she was through with this man. Likewise, there was no meaningful professional intervention regarding her substance abuse until it was required by a court-ordered case plan.
 Regarding R.C. 2151.414(E)(10), biological father has abandoned this child from birth to present.
 Regarding R.C. 2151.414(E)(11) mother has twice previously had her parental rights permanently and involuntarily terminated. * * * *
 Regarding R.C. 2151.414(E)(15), mother's cocaine addiction resulted in neglect and abuse to Julian, directly and indirectly. Through breast-feeding, mother forced cocaine into Julian's system during a long period of regular sustained cocaine use. Mother's claim that she never thought that any cocaine could get into her son's system is not credible. The seriousness of this abuse and neglect was specifically demonstrated by the withdrawal period suffered by the child following removal from the mother. Even if no further breast-feeding was to occur, placing this child back with mother threatens the child's safety because of mother's decision-making and lack of sustained, documented recovery."
The court additionally found that under R.C.2151.419(A)(2), ACCS was not required to use reasonable efforts to reunify appellant with her child. The court reasoned that the mother's involuntary terminations and the father's abandonment relieved ACCS of a duty to use reasonable efforts. This appeal followed.{¶ 6} Because appellant's two assignments of error both challenge the propriety of the trial court's decision to award ACCS permanent custody, we address them together. In her first assignment of error, appellant asserts that the trial court erred by finding that ACCS was not required to use reasonable efforts to reunify her with her child. In her second assignment of error, appellant contends that the evidence does not support the trial court's finding that awarding ACCS permanent custody is in the child's best interests. We disagree with appellant.
 {¶ 7} A parent has a "fundamental liberty interest" in the care, custody, and management of his or her child and an "essential" and "basic civil right" to raise his or her children. Santosky v.Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599; In re Murray (1990), 52 Ohio St.3d 155, 156, 556 N.E.2d 1169. The parent's rights, however, are not absolute. Rather, "'it is plain that the natural rights of a parent * * * are always subject to the ultimate welfare of the child, which is the pole star or controlling principle to be observed.'" In re Cunningham (1979), 59 Ohio St.2d 100, 106,391 N.E.2d 1034 (quoting In re R.J.C. (Fla.App. 1974), 300 So.2d 54, 58). Thus, the state may terminate parental rights when the child's best interest demands such termination.
 {¶ 8} Once a court adjudicates a child abused, neglected, or dependent, the court may commit the child to the permanent custody of a public children services agency after determining that the child cannot be placed with either of the child's parents within a reasonable time, in accordance with R.C. 2151.414(E), and that permanent custody is in the best interest of the child, in accordance with R.C. 2151.414(D). See R.C. 2151.353(A)(4). Before a court may award a children services agency permanent custody of a child, R.C. 2151.414(A)(1) requires the court to hold a hearing. The primary purpose of the hearing is to allow the court to determine whether the child's best interests would be served by permanently terminating the parental relationship and by awarding permanent custody to the agency. See R.C. 2151.414(A)(1).
 {¶ 9} When considering whether to grant a children services agency permanent custody, a trial court should consider the underlying principles of R.C. Chapter 2151:
 (A) To provide for the care, protection, and mental and physical development of children * * *;
 * * *
 (B) To achieve the foregoing purpose[ ], whenever possible, in a family environment, separating the child from its parents only when necessary for his welfare or in the interests of public safety.
R.C. 2151.01. We note that clear and convincing evidence must exist to support a permanent custody award. The Ohio Supreme Court has defined "clear and convincing evidence" as follows:
 "The measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
 In re Estate of Haynes (1986), 25 Ohio St.3d 101,103-04, 495 N.E.2d 23; see, also, State v.Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54. In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Schiebel, 55 Ohio St.3d at 74. If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. Id.
 {¶ 10} Furthermore, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." Id. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well."Davis v. Flickinger (1997), 77 Ohio St.3d 415, 419, 674 N.E.2d 1159; see, also, In re Christian, Athens App. No. 04CA10, 2004-Ohio-3146;In re C.W., Montgomery App. No. 20140, 2003-Ohio-2040.
 {¶ 11} R.C. 2151.414(B)(1)(a) permits a trial court to award permanent custody of a child to a children services agency if the court determines, by clear and convincing evidence, that the child's best interest would be served by the award of permanent custody and that:
 The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
R.C. 2151.414(D) requires the trial court to consider specific factors in determining whether a child's best interests would be served by awarding permanent custody to a children services agency. The factors include: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; and (5) whether any factors listed under R.C.2151.414(E)(7) to (11) apply.[1]
 {¶ 12} R.C. 2151.414(E) sets forth the factors a trial court must consider in determining whether a child cannot or should not be placed with either parent within a reasonable time. See R.C. 2151.414(B)(1)(a). If a court finds, by clear and convincing evidence, the existence of any one of the following factors, "the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent":
 * * *
 (10) The parent has abandoned the child.
 (11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child.
A trial court may base its decision that a child cannot or should not be placed with either parent within a reasonable time upon the existence of any one of the above factors. The existence of one factor alone will support a finding that the child cannot be placed with either parent within a reasonable time. See In re William S. (1996), 75 Ohio St.3d 95,661 N.E.2d 738; In re Hurlow (Sept. 21, 1998), Gallia App. No. 98 CA 6; In re Butcher (Apr. 10, 1991), Athens App. No. 1470.
 {¶ 13} In the case at bar, we conclude that ample competent, credible evidence exists to support the trial court's decision to award ACCS permanent custody of the child. First, ample evidence supports the court's finding that the child cannot and should not be returned to either parent within a reasonable time. The evidence reveals that: (1) appellant previously had her parental rights terminated with respect to two children (See R.C. 2151.414(E)(11)); (2) appellant voluntarily relinquished custody of two other children; and (3) the father has had no involvement in the child's life (See R.C. 2151.414(E)(10). Thus, because at least one R.C. 2151.414(E) factor exists, the court appropriately found that the child cannot and should not be returned to either parent.
 {¶ 14} The record also contains ample evidence to show that awarding ACCS permanent custody will serve the child's best interests. The trial court carefully analyzed the best interest factors and we fully agree with its analysis. With respect to the first factor, the child's interrelationships and interactions, the court stated:
 "[Appellant] has given birth to five children, by five different fathers, and none of the children are in her care or custody. Julian Harness' father's name is Steve (last name unknown) and [appellant] has not seen him since Julian's birth. Julian is two years old and knows none of his half-siblings. The primary male figure in his life is [appellant]'s long time abusive boyfriend, Orenzo. Julian has been in foster care since his removal on April 7, 2006."
 {¶ 15} With respect to the second factor, the child's wishes, the court found: "Julian is too young to be able to express his wishes regarding custody or living arrangements."
 {¶ 16} Regarding the third factor, the child's custodial history, the court stated: "During his brief life to date, Julian has lived primarily with his mother and was still breast feeding at the time of removal. Other than Orenzo, it is unclear what other persons may have been part of the household at any point in time. He has been in the same foster home since removal."
 {¶ 17} With respect to the fourth factor, the child's need for a legally secure permanent placement and whether it can be achieved without granting permanent custody, the court stated: "This child needs and deserves a legally secure placement that can only be achieved by a grant of permanent custody to ACCS, so that adoption can be pursued."
 {¶ 18} With respect to the fifth factor, the court found: "R.C.2151.414(E)(11) applies in that mother has twice had her parental rights permanently and involuntarily terminated. Once in Athens County and once in Franklin County. R.C. 2151.414(E)(10) applies, in that Julian's father has abandoned him."
 {¶ 19} We also disagree with appellant that the trial court erroneously determined that ACCS was not required to use reasonable efforts. Generally, upon a complaint requesting permanent custody, a trial court must determine whether the agency made reasonable efforts to return the child to the parents before it authorizes the removal of the child. See In re Wright, Ross App. No. 01CA2627, 2002-Ohio-410. "In determining whether reasonable efforts were made, the child's health and safety shall be paramount." R.C. 2151.419(A)(1). R.C. 2151.419(A)(2) further provides that if any of the following factors apply, "the court shall make a determination that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home":
 * * *
 (d) The parent from whom the child was removed has abandoned the child.
 (e) The parent from whom the child was removed has had parental rights involuntarily terminated pursuant to section 2151.353, 2151.414, or 2151.415 of the Revised Code with respect to a sibling of the child.
In the case sub judice, the evidence reveals that appellant's parental rights were involuntarily terminated with respect to two other children. Moreover, the father has had no involvement in the child's life. Thus, R.C. 2151.419(A)(2)(d) and (e) relieved ACCS of a duty to use reasonable efforts.
 {¶ 20} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] R.C. 2151.414(E)(7) to (11) provide as follows:
 (7) The parent has been convicted of or pleaded guilty to one of the following:
 (a) An offense under section 2903.01, 2903.02, or 2903.03 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to an offense described in those sections and the victim of the offense was a sibling of the child or the victim was another child who lived in the parent's household at the time of the offense;
 (b) An offense under section 2903.11, 2903.12, or 2903.13 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to an offense described in those sections and the victim of the offense is the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense;
 (c) An offense under division (B)(2) of section 2919.22 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to the offense described in that section and the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense is the victim of the offense;
 (d) An offense under section 2907.02, 2907.03, 2907.04, 2907.05, or 2907.06 of the Revised Code or under an existing or former law of this state, any other state, or the United States requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent.
 (e) A conspiracy or attempt to commit, or complicity in committing, an offense described in division (E)(7)(a) or (d) of this section.
 (8) The parent has repeatedly withheld medical treatment or food from the child when the parent has the means to provide the treatment or food, and, in the case of withheld medical treatment, the parent withheld it for a purpose other than to treat the physical or mental illness or defect of the child by spiritual means through prayer alone in accordance with the tenets of a recognized religious body.
 (9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412
[2151.41.2] of the Revised Code
 (10) The parent has abandoned the child.
 (11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 [2151.35.3] or 2151.415 [2151.41.5] of the Revised Code with respect to a sibling of the child.
.