DECISION AND JUDGMENT ENTRY
Debbie Hook appeals the Athens County Court of Common Pleas, Juvenile Division's award of permanent custody of her daughter, Thelma Moody, to Athens County Children Services ("ACCS.") Hook asserts that the trial court failed to make the required finding that Thelma can not be placed with either of her biological parents within a reasonable period of time. Because we find that the trial court was not required to make such a finding, we disagree. Hook also asserts that the trial court's decision to award permanent custody of Thelma to ACCS is not supported by clear and convincing evidence. Because we find that the trial court's decision is supported by some competent, credible evidence, we disagree.
 I.
Thelma Moody was born in 1984 to Hook and her ex-husband, Terry Moody, Sr. About one month after Thelma was born, Hook's fifteen-year-old sister, Mary, gave birth to Terry's son. Mary is now Thelma's step-mother. Thelma has lived with her father and step-mother since she was three years old. Hook has continually suffered from mental illness, sometimes severe mental illness.
In December of 1997, Thelma reported to a school counselor that her father had raped her. She eventually alleged that her father had sexually abused her for the past five years. ACCS immediately moved for an emergency order of custody of Thelma and her siblings that were also living in Terry's household. The trial court granted ACCS's motion and eventually found Thelma was an abused, neglected and dependent child and granted ACCS temporary custody of Thelma.
Terry was indicted on charges that he raped Thelma, but a jury found him not guilty. The trial court ordered Terry to have no contact with Thelma. Hook was permitted visitation with Thelma. However, the visitation was usually supervised by ACCS staff because Hook had a difficult time controlling Thelma and permitted her to engage in activities that Thelma's treatment team had determined were detrimental to Thelma.
In June 1999, ACCS moved for permanent custody of Thelma. Along with this motion, ACCS served a notice of the consequences of a grant of permanent custody. These documents summarized the statutory law in effect at the time ACCS filed its motion.
Thelma's guardian ad litem recommended that the court grant ACCS permanent custody of Thelma.
After a hearing, the trial court granted ACCS's motion for permanent custody and terminated the parental rights of Hook and Terry. Hook appeals and asserts the following assignment of error:
 THE TRIAL COURT FAILED TO MAKE THE FINDINGS REQUIRED BY OHIO REVISED CODE SECTION 2151.44 (SIC) AND THUS THE COURT ABUSED ITS DISCRETION.
 II.
In her only assignment of error, Hook makes two separate arguments. She first argues that R.C. 2151.414 (B) required the trial court to find that Thelma can not be placed with either of her parents before placing Thelma in the permanent custody of ACCS. She next argues that the trial court's decision to award permanent custody of Thelma to ACCS is not supported by clear and convincing evidence.
 A.
The trial court's determination in a permanent custody case will not be reversed on appeal unless it is against the manifest weight of the evidence. In re Lay (1986), 25 Ohio St.3d 41, 42. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. In reBurchfield (1988), 51 Ohio App.3d 148, 154; In re Miley, (Dec. 7, 1995), Ross App. No. 95CA2137, unreported. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
R.C. 2151.413 (A) provides that a public children services agency that has previously been granted temporary custody of a child may file a motion requesting permanent custody of the child in the court that made the initial disposition. Upon the filing of a motion requesting permanent custody, the trial court must schedule a hearing in order to determine if it is in the best interest of the child to permanently terminate parental rights and grant permanent custody to the agency. R.C. 2151.414 (A).
The trial court may grant permanent custody of the child to the moving agency if the court finds, by clear and convincing evidence that it is in the child's best interest to grant permanent custody of the child to the agency seeking permanent custody and one of the following applies: (1) the child is abandoned, (2) the child is orphaned and no relatives are able to take permanent custody, or (3) neither of the previous two situations exist, and either (a) the child can not be placed with his or her parents within a reasonable time or should not be placed with his or her parents, or (b) the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999. R.C. 2151.414.
The legislature amended R.C. 2151.414 effective March 18, 1999, well before ACCS moved for permanent custody of Thelma and therefore before the trial court held a hearing on the matter. The version of 2151.414 that was in effect at the time of the hearing is applicable to permanent custody proceedings. In reBowers (Jan. 31, 2000), Athens App. No. 99CA15, unreported, fn. 4; In re Davis, (Nov. 11, 1999), Pickaway App. Nos. 99CA20 
99CA21, unreported, fn. 1. Furthermore, in ACCS's "motion for permanent custody and notice of the legal effect of grant of permanent," ACCS outlined the requirements of R.C. 2151.414 (B), as amended. ACCS's attorney certified that Hook received a copy of this notice through her attorney. Hook never argued that the previous version of R.C. 2151.414 applies in this case, therefore, she has waived that argument. See In re Rodgers (June 5, 2000), Preble App. No. 99-08-017, unreported, for a thorough discussion of the retroactivity of these amendments.
In determining the best interest of the child, the trial court must consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with his parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
R.C. 2151.414 (D).
Clear and convincing evidence must exist to support an award of permanent custody. The Supreme Court of Ohio has defined "clear and convincing evidence" as follows:
 The measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
In re Estate of Haynes (1986), 25 Ohio St.3d 101, 103-04.
In determining whether a child can not be placed with either of her parents within a reasonable period of time or should not be placed with her parents, the trial court must consider all relevant evidence. R.C. 2151.414 (E). R.C. 2151.414 (E) (1)-(12) enumerate specific circumstances which the trial court must consider. If the court determines, by clear and convincing evidence, that one or more of the circumstances enumerated in R.C. 2151.414 (E) (1)-(12) exist as to each of the child's parents, the trial court must enter a finding that the child can not be placed with either of her parents within a reasonable time or should not be placed with her parents.
 B.
In her first argument, Hook asserts that R.C. 2151.414 (B) required the trial court to find that Thelma can not be placed with either of her parents within a reasonable period of time or should not be placed with either of her parents. The trial court determined that under the amended version of R.C. 2151.414 (B) (1) (d), it could grant permanent custody of Thelma to ACCS if it found that doing so was in her best interest and that ACCS had temporary custody of Thelma for twelve or more months out of a consecutive twenty-two month period ending after March 18, 1999. We agree with the trial court. For the reasons outlined earlier in the opinion, we find that the version of R.C. 2151.414 that was in effect on the day the trial court held the hearing on permanent custody is applicable in this case. R.C. 2151.414 (B) (1) (a) requires a finding that the child can not be placed with her parents within a reasonable time or should not be placed with her parents only when, among other things, the child has not been in the temporary custody of an agency as required by R.C.2151.414 (B) (1) (d). Since ACCS had temporary custody of Thelma for at least twelve of the twenty-two consecutive months prior to the hearing, the trial court was not required to find that Thelma could not be placed with either parent within a reasonable time, or should not be placed with either of her parents. Accordingly, we find that the trial court did not err by failing to make such a finding.
 C.
Hook next argues that the trial court's order granting permanent custody of Thelma to ACCS is not supported by clear and convincing evidence.
The record contains competent, credible evidence supporting the trial court's determination that Thelma was in the temporary custody of ACCS for at least twelve of the twenty-two months preceding the hearing and that it was in Thelma's best interest for the court to place her in the permanent custody of ACCS. At the hearing on permanent custody, all parties stipulated that ACCS had temporary custody of Thelma for at least twelve months preceding the hearing. Dr. Michele Papi, a licensed counselor, testified that Thelma's best interests require that the court place Thelma in a highly structured family setting where she can receive consistent guidance and support. Papi questioned whether Hook could consistently provide such a setting. Papi felt that Thelma simply could not handle being placed with Hook. Hook's actions support Papi's concerns. Papi stated that an increase in visitation with her mother coupled with decreasing ACCS supervision of these visits led, in part, to Thelma's re-hospitalization at Fox Run. Hook had not complied with Thelma's treatment team's recommendations for visitation when she allowed Thelma to smoke, to have male visitors, and failed to adequately supervise Thelma. Hook admitted that she is easily manipulated by Thelma.
Jane MacAdow, an ACCS employee, testified about the possibility of finding an adoptive family for Thelma. She stated that even if Thelma is adopted, she still can have visitation with her mother, if the court would order it.
Given that Thelma's best interest requires a consistent family setting and that Hook's visitations have undermined Thelma's progress in the past, we find that the trial court's decision to grant permanent custody of Thelma to ACCS is supported by some competent, credible evidence.
 III.
In sum, we find that the trial court's decision is supported by some competent, credible evidence and the trial court made the required findings to grant permanent custody to ACCS. Accordingly, we overrule Hook's assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
 _______________________________ Roger L. Kline, Presiding Judge