DECISION AND JUDGMENT ENTRY
{¶ 1} Respondent-Appellant, Rachael Enriquez, appeals the decision of the Scioto County Court of Common Pleas, Juvenile Division, granting permanent custody of her two minor children to Appellee, Scioto County Children Services Board. Appellant contends the decision was not in the best interests of the children. We disagree. We find there was competent and credible evidence for the trial court's conclusion. Further, Appellant was not prejudiced by the fact that the guardian ad litem's report was submitted two days after the dispositional hearing. Accordingly, we overrule Appellant's assignment of error and affirm the decision of the trial court. *Page 2 
 I. Facts {¶ 2} Appellant is the mother of M.M., born in December of 2001, and H.M., born in June of 2003. Paternity has not been established for either child. Appellant has an extensive history of drug use dating back to the late nineteen-eighties.
 {¶ 3} Starting in 1998, Appellee offered and provided Appellant with multiple counseling and treatment services, including parental education and drug and alcohol treatment. Despite these programs, Appellant's drug abuse continued. She was twice dismissed from programs for not following through with out-patient treatment which consisted of counseling and random drug screens. During the dispositional hearing, Appellant testified that she has attempted to participate in some treatment programs on her own.
 {¶ 4} Appellant has lost temporary custody of M.M. and H.M. numerous times. In November of 2002, M.M. was removed from her custody for approximately six months due to substance abuse and the fact that she left the child with inappropriate caregivers. In August of 2003, M.M was removed from Appellant's custody for an additional six months due to a positive drug screen. In November of 2004, M.M. and H.M. were removed from her custody, due to leaving the children with an inappropriate *Page 3 
caregiver, and not returned to Appellant's care until October of 2005. Less than two weeks later, the children were once again removed from her custody due to drug use and the fact that Appellant left the children in a homeless shelter, where she was residing at the time, in the care of another woman. Appellant has not had custody of the children since that time. On November 16, 2005, Appellee filed a motion for permanent custody.
 {¶ 5} After several continuances, the dispositional hearing was finally held before a Magistrate in December of 2006. During the hearing, a Scioto County Children Services caseworker testified that, after M.M. and H.M. were removed from Appellant's custody for the final time, her drug abuse continued. In November of 2005 she was charged with possession of crack cocaine. She spent four months in jail and was released in August of 2006. Within days of her release, during a mandated drug screen, she again tested positive for cocaine. In September of 2006, Appellant refused to submit to an additional drug screening. The case worker also testified that, after her release from jail, Appellant attended nine, but missed or canceled four of her scheduled visitations with M.M. and H.M. When directly asked whether Appellant was able to assume custody of her children, Appellant's caseworker stated: "No." When asked whether more treatment services should have been provided to Appellant, the caseworker stated: "There are *Page 4 
no services that haven't already been provided." "There are no new services to offer to her. The services have already been utilized by [Appellant]."
 {¶ 6} The Magistrate also heard testimony from the children's guardian ad litem, who recommended that permanent custody be vested in the Children Services Board. When asked why he arrived at that conclusion, the guardian ad litem stated: "Because of the number of opportunities [Appellant] has had to stop the course of conduct that creates the problem for her. It seems that she has a long history of drug abuse and each time that she gets heavily involved in drugs she loses her children for a period of time. It seems, most recently, she was well aware of what would happen if she continued to use drugs but she continued to use drugs."
 {¶ 7} In January of 2007, the Magistrate entered his decision declaring it was in the best interests of the children to award permanent custody to Appellee. Appellant filed a motion objecting to the Magistrate's findings and moved to set aside the decision. In July of 2007, The trial court overruled Appellant's objection and Appellant subsequently appealed the decision to this court.
 {¶ 8} In October of 2007, we sua sponte dismissed Appellant's appeal for failure to prosecute the case. Appellant had realized the trial court's ruling (which overruled her objection to the Magistrate's decision *Page 5 
without setting forth the trial court's own judgment) did not constitute a final appealable order.
 {¶ 9} In November of 2007, the trial court entered it's own judgment and findings, sustaining in part and overruling in part Appellant's objections to the Magistrate's findings and decision, and awarding permanent custody of M.M. and H.M. to Appellee. Appellant then filed the current appeal.
 II. Assignment of Error {¶ 10} 1. THE TRIAL COURT ERRED WHEN IT GRANTED PERMANENT CUSTODY OF THE MINOR CHILDREN TO SCIOTO COUNTY CHILDREN SERVICES BOARD, AS SUCH WAS NOT IN THE BEST INTEREST OF THE MINOR CHILDREN.
 III. Standard of Review {¶ 11} We first address the proper standard or review regarding a
decision to award permanent custody. An appellate court will not overrule a trial court's decision regarding permanent custody if there is competent and credible evidence to support the judgment. In reMcCain, 4th Dist. No. 06CA654, 2007-Ohio-1429, at ¶ 8. "If the trial court's judgment is supported by some competent, credible evidence going to all the essential elements of the case, an appellate court must affirm the judgment and not substitute its judgment for that of the trial court." In re Buck, 4th Dist. No. 06CA3123, *Page 6 2007-Ohio-1491, at ¶ 7. Therefore, an appellate court's review of a decision to award permanent custody is deferential. McCain at ¶ 8.
 {¶ 12} "An agency seeking permanent custody bears the burden of proving its case by clear and convincing evidence." In re Perry, 4th Dist. Nos. 06CA648, 06CA649, 2006-Ohio-6128, at ¶ 13. Clear and convincing evidence has been defined as: "The measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." McCain
at ¶ 9, citing In re Estate of Haynes (1986), 25 Ohio St.3d 101, 103-04, 25 O.B.R. 150, 495 N.E.2d 23.
 IV. Analysis of Appellant's Assignment of Error {¶ 13} In her sole assignment of error, Appellant contends the trial court erred by granting permanent custody to Appellee when it was not in the best interests of the children. Though Appellant assigns as error only a best interest argument, a child's best interest is only one part of the two-part permanent custody analysis required by R.C.2151.414(B)(1). Though not properly assigned as error, in the interest of justice we will also address the second step of the analysis. *Page 7 
 {¶ 14} As previously stated, R.C. 2151.414(B)(1) establishes the two-part test that must be applied before parental rights may be terminated and permanent custody awarded to children services. In reSchaefer, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, at ¶ 31. First, a court must determine by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets forth the factors a court must consider in the best interest analysis. These factors are: "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child; (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999; (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child." R.C. 2151.414(D). *Page 8 
 {¶ 15} Under the second part of the R.C. 2151.414(B)(1) permanent custody test, one of the following must apply: "(a) * * * [T]he child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents. (b) The child is abandoned. (c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody. (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999." R.C. 2151.414(B)(1).
 {¶ 16} Further, to determine, under R.C. 2151.414(B)(1)(a), whether a child cannot or should not be placed with either parent within a reasonable period of time, a court must look to the guidelines provided by R.C. 2151.414(E). In re D.A., 113 Ohio St.3d 88, 2007-Ohio-1105,862 N.E.2d 829 at ¶ 17. If the court finds, by clear and convincing evidence, that one or more of the factors of 2151.414(E) applies, it must enter a finding that the child cannot or should not be placed with the parent. Id.
 {¶ 17} In our analysis, we start with the second part of the permanent custody test. In the case sub judice, pursuant to R.C.2151.414(B)(1)(a), the trial court made a determination that M.M. and H.M. cannot and should not be placed back with Appellant in a reasonable time. In making this *Page 9 
determination the court stated that "* * * in spite of the best efforts of the Board and in spite of reasonable case planning, [Appellant] has failed continuously and repeatedly to remedy the condition (drug use) which has led to her children being placed in the Board's custody and outside the mother's home. See section 2151.414(E)(1), O.R.C." Regarding R.C. 2151.414(E)(2), the court found Appellant's drug abuse was so severe that she was unable, and would be unable for the foreseeable future, to provide a home. Regarding R.C. 2151.414(E)(9), the court found that Appellant's continuing drug abuse and her inability to rehabilitate herself on more than two occasions put her children at a substantial risk of harm. Thus, the trial court found that at least three factors listed in R.C. 2151.414(E) applied, any one of which would require the court to enter a finding that the children cannot or should not be placed with Appellant.
 {¶ 18} The trial court properly found by clear and convincing evidence that the second part of the permanent custody test was satisfied. It is uncontested that Appellant's drug use has caused her to loose custody of her children on multiple occasions, M.M. at least four times and H.M. at least twice. Each time the children were placed back in her custody, Appellant resumed abusing drugs. Further, the trial court could easily conclude that her drug abuse was severe enough to prevent her from *Page 10 
providing an adequate home. Finally, there was evidence that though Appellee had made repeated attempts to provide treatment, Appellant's drug abuse continued. Even in the four months immediately preceding the dispositional hearing, Appellant failed one drug screen and refused to take another. In light of the forgoing, we find there was competent and credible evidence for the trial court's conclusion that the children could not or should not be placed with Appellant.
 {¶ 19} We next turn to the other prong of the permanent custody test, the best interests of the children. Appellant argues the trial court failed to adequately consider all five of the best interest factors listed in R.C. 2151.414(D). Specifically, she contends the court failed to consider (D)(1), the relationship between Appellant and her children. Though the trial court addressed the other relevant factors of R.C.2151.414(D), Appellant is correct in that the trial court did not expressly discuss the relationship between Appellant and her children.
 {¶ 20} We have previously held that though trial courts are required to consider all the factors of R.C. 2151.414(D) in determining a child's best interest, courts are not required to expressly recite the factual findings as to each of these factors. In re Allbery, 4th Dist. No. 05CA12, 2005-Ohio-6529, at ¶ 13; In re Myers, 4th Dist. No. 02CA50, 2003-Ohio-2776, at ¶ 23; In re *Page 11 
Day (Feb. 15, 2001), 4th Dist. No. 00AP-1191, at *6. Trial courts are only required to do so if a party has requested findings of fact and conclusions of law. "* * * [W]hen a party requests findings of fact and conclusions of law, the trial court must set forth the specific factual findings that correlate to the statutory factors." Myers at ¶ 23.
 {¶ 21} In the case sub judice, the trial court affirmatively indicated that it considered the factors listed in R.C. 2151.414(D) in its best interest analysis. The court stated: "Upon review of the record, the Court finds, pursuant to section 2151.414(D) Ohio Revised Code, that it is in the best interests of these children that the motion for permanent custody be, and the same hereby is, granted." Further, of the four relevant factors listed in 2151.414(D),[1] the court, though not enumerating each factor, expressly discussed three of them. Under (D)(3), the custodial history of the children, the court found that H.H. and M.H. had been repeatedly removed from Appellant's care due to her continuing drug use. Under (D)(4), the child's need for a legally secure permanent placement, the court stated: "The Court further finds that these children need a legally secure placement that only the granting of this motion for permanent custody can ensure." Under (D)(5), whether any of the factors listed in R.C. 2151.414 (E)(7) to (11) apply, the *Page 12 
court considered (E)(9), whether a parent has placed the child at substantial risk of harm. The court stated: "[Appellant's] continuing drug use and her inability to rehabilitate herself on more than two (2) occasions has placed her children at substantial risk of harm." Thus, the trial court expressly discussed each relevant best interest factor under R.C. 2151.414(D) except for (D)(1), the interaction and interrelationship between the child and parent.
 {¶ 22} In light of the forgoing, we find competent and credible evidence for the decision that placing M.M. and H.M. in the permanent custody of Appellee was in the children's best interests. Because Appellant did not request findings of fact and conclusions of law, the trial court was not obligated to expressly recite the factual findings of each relevant factor listed in R.C. 2151.414(D). Though it was not required to do so, the trial court recited numerous reasons for finding it was in the best interests of the children to be permanently removed from Appellant's custody. As the trial court stated: "[Appellant], despite the best efforts of the Board and other service providers, continues to use drugs. The efforts of the Board, and these other service providers has gone for naught. Even jail has not stopped [Appellant's] drug use." "The fact is, [Appellant] chooses drugs ahead of her children." Accordingly, we find there is competent and credible evidence that each part of the R.C. 2151.414(B)(1) permanent custody test *Page 13 
has been satisfied. The trial court correctly found both that M.M. and H.M. could not or should not be placed with Appellant in a reasonable time and that it was in the children's best interests for Appellee to take custody.
 {¶ 23} In her brief, Appellant also raises an "Argument II," concerning the guardian ad litem's failure to submit a written report to the court prior to or at the time of the dispositional hearing. Though this argument was not properly assigned as error as required by App.R. 16(A)(3), we will address it in the interests of justice.
 {¶ 24} R.C. 2151.414(C) states that "[a] written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section or section 2151.35 of the Revised Code but shall not be submitted under oath." Ohio courts have held that when a party fails to make an objection to the absence of a guardian ad litem's report at the time of the dispositional hearing, the party waives any claim of error. "This court has routinely held that, absent a timely objection in the trial court, no reversible error occurs in this situation, even when no guardian's report is ever filed." In re Di.R., 8th Dist. Nos. 85765, 85766, 2005-Ohio-5346, at ¶ 35. See, also, In re Johns, 5th Dist. No. 2003CA00146, 2003-Ohio-3621 (the trial court did not err in *Page 14 
accepting the guardian ad litem's report eight days after the dispositional hearing).
 {¶ 25} In the case at hand, the guardian ad litem testified as to his custody recommendation during the hearing. At the time, no party objected to the lack of a written report. Further, it was Appellant's counsel who called and examined the guardian during the hearing. At the close of the hearing, the Magistrate indicated he would take the matter under advisement in order to review the report. Two days later, the guardian submitted his report to the court. Under these circumstances, we find there was no prejudicial error which would require reversal. "When no prejudice results from the late filing of the guardian ad litem's report, it generally is harmless error. (Internal citation omitted.) In instances where the parties were presented with the report at the time of hearing or where proper testimony was elicited at thehearing, no error has been found. In re Kangas, 11th Dist. No. 2006-A-0010, 2006-Ohio-3433, at ¶ 32 (emphasis added).
 V. Conclusion {¶ 26} In our view, Appellant has failed to establish her assignment of error. There is competent and credible evidence to support the trial court's decision that M.M. and H.M. could not or should not be placed with Appellant. There is also competent and credible evidence to support the trial *Page 15 
court's decision that it was in the best interests of the children to be placed with Appellee. We also find, in the circumstances of this case, the fact that the guardian ad litem's report was filed two days after the dispositional hearing was not prejudicial. Accordingly, Appellant's assignment of error is overruled and decision of the trial court is affirmed.
 JUDGMENT AFFIRMED. *Page 16 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Kline, J.: Concur in Judgment and Opinion. McFarland, J.: Not Participating.
[1] Appellant concedes that R.C. 2151.414(D)(2), the wishes of the child, is not relevant in the current action as neither child is old enough to meaningfully express an opinion. *Page 1