[Cite as *In re I.M.*, 2011-Ohio-561.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NO. 10CA36 |
| | : | |
| I.M. | : | **Released: January 28, 2011** |
| | : | DECISION AND JUDGMENT |
| Adjudicated Dependant Child. | : | ENTRY |

_____

APPEARANCES:

William R. Biddlestone, William R. Biddlestone, Co., LPA, Athens, Ohio, for Appellant.

C. David Warren, Athens County Prosecuting Attorney, and George Reitmeier, Athens County Assistant Prosecutor, Athens, Ohio, for Appellee.

_____

McFarland, J.:

{¶1}     Appellant Mark McClelland appeals the decision of the Athens County Court of Common Pleas, Juvenile Division, awarding permanent custody of his daughter, I.M., to Athens County Children Services.  McClelland argues there was error below in that the trial court abused its discretion in deciding to terminate his parental rights.  We disagree.  The record below shows that I.M. could not or should not have been placed with McClelland in a reasonable time.  Further, there was clear and convincing evidence to support the trial court's finding that it was in I.M.'s best interest to award permanent custody to Children Services.

Accordingly, we overrule McClelland's assignment of error and affirm the trial court's decision.

## I. Facts

{¶2}    Appellant Angel Kasler and Mark McClelland are the biological parents of I.M. [1]  I.M. was born on October 21, 2009, and was approximately six months old at the time of the trial court's permanent custody decision.

{¶3}    On October 23, 2009, Athens County Children Services obtained emergency custody of I.M. and filed a complaint requesting an initial disposition of permanent custody.  The trial court held adjudication hearings on the matter in November and December of 2009.  Both parents were under indictment for felony drug offenses at the time of the hearings. At those hearings, the court heard evidence that Kasler had mental illness issues, and that Kasler and McClelland both had substance-abuse issues. Further, two months before I.M. was born, drugs and drug paraphernalia were found in Kasler and McClelland's home and the home itself was in a filthy condition.  At that same time, McClelland tested positive for opiates. In January of 2010, the trial court found I.M. to be a dependent child.

---

[1] Angel Kasler has appealed the trial court's permanent custody decision separately.

{¶4} After the finding of dependency, the trial court held disposition hearings on the issue of permanent custody in February of 2010. At the conclusion of those hearings, the trial court took the matter under advisement. On June 9, 2010, the trial court granted permanent custody of I.M. to Athens County Children Services and terminated the parental rights of both Angel Kasler and Mark McClelland. Following that decision, Kasler timely filed the current appeal.

## II. Assignment of Error

THE TRIAL COURT ABUSED ITS DISCRETION IN DECIDING THAT THE PARENTAL RIGHTS OF APPELLANT SHOULD BE TERMINATED.

## III. Legal Analysis

{¶5} An appellate court will not overrule a trial court's decision regarding permanent custody if there is competent and credible evidence to support the judgment. *In re McCain*, 4th Dist. No. 06CA654, 2007-Ohio-1429, at ¶8. "If the trial court's judgment is supported by some competent, credible evidence going to all the essential elements of the case, an appellate court must affirm the judgment and not substitute its judgment for that of the trial court." *In re Buck*, 4th Dist. No. 06CA3123, 2007-Ohio-1491, at ¶7. Therefore, an appellate court's review of a decision to award permanent custody is deferential. *McCain* at ¶8.

{¶6}    "An agency seeking permanent custody bears the burden of proving its case by clear and convincing evidence." *In re Perry*, 4th Dist. Nos. 06CA648, 06CA649, 2006-Ohio-6128, at ¶39.  Clear and convincing evidence has been defined as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established.  It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases.  It does not mean clear and unequivocal." *McCain* at ¶9, citing *In re Estate of Haynes* (1986), 25 Ohio St.3d 101, 103-04, 495 N.E.2d 23.

{¶7}    In his sole assignment of error, Mark McClelland argues that the trial court abused its discretion in terminating his parental rights concerning I.M.  Accordingly, we first state the appropriate test a trial court must apply in ruling on a motion for permanent custody.

{¶8}    Under R.C. 2151.414, an agency seeking permanent custody must meet a two-part test before parental rights may be terminated and permanent custody awarded.  *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, at ¶31.  Under the first part of the test, one or more of conditions listed in R.C. 2151.414(B)(1)(a) through (d) must apply. R.C. 2151.414(B)(1)(a) states:

{¶9}     "The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents."

{¶10}   In determining whether a child cannot or should not be placed with the parents in a reasonable time, the trial court must refer to 2151.414(E).  Under that section, "If the court determines, by clear and convincing evidence * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent[.]"  The section then lists 16 factors, including the following: (E)(2) - "Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing;" and (E)(16) - "Any other factor the court considers relevant."  R.C. 2151.414(E).

{¶11}   In  his brief, McClelland states that though the trial court found that one of the sixteen factors listed in R.C. 2151.414(E) applied to Angel Kasler, none of the factors applied to himself.  He stated, "The Court failed to mention that none of the factors applied to Appellant, Mark McClelland, nor could it have done so based upon the testimony at hearing. The record is simply bereft of any such evidence with regard to Mark McClelland regarding these factors."  This assertion is patently incorrect.

{¶12}   First, the trial court's decision clearly states that three of the factors listed in R.C. 2151.414(E), not one, applied to Angel Kasler.  In that same section of its decision, the court also clearly finds that (E)(2) and (E)(16) applied to McClelland.  Under (E)(2), the decision states: "Father's substance abuse reached the criminal level, and even while under community control for earlier criminal activity and indictment for more recent drug activity, he too is refusing random screens and unable to seek or benefit from rehabilitative treatment.  The Court concludes that he will be unable to provide a stable home within the next year as well."

{¶13}   In our view, the trial court's findings were supported by the record.  As such, the court had clear and convincing evidence to determine that, under 2151.414(E)(2) and (E)(16), I.M. should not or could not be placed with McClelland in a reasonable time.  Accordingly, the first part of

the two-part permanent custody test was satisfied. We now turn to the second part, whether permanent custody was in the best interest of the child.

{¶14} An agency seeking permanent custody must demonstrate by clear and convincing evidence that such action is in the best interest of the child. R.C. 2151.414(D)(1) sets forth the factors a court must consider in the best interest analysis:

{¶15} "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶16} (b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶17} (c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section

2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

{¶18}   (d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶19}   (e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶20}   Divisions (E)(7) to (11) include:  (7) whether the parent has been convicted of a number of listed offenses; (8) whether the parent has repeatedly withheld medical treatment or food; (9) whether the parent has placed the child at substantial risk of harm two or more times due to substance abuse and has rejected treatment two or more times or refused to participate in treatment; (10) whether the parent has abandoned the child; (11) whether the parent has had parental rights previously terminated.

{¶21}   The trial court addressed each of the relevant factors of the best interest analysis.  These factors included that at the time of the court's decision, I.M. was six months old.  She had spent her entire life in foster care, having been placed with Children Services under an emergency order immediately after her birth.  The court noted that McClelland's supervised visitations with I.M. went well, "with obvious affection being noted."  Also,

McClelland regularly attended visitation appointments with I.M., even though Children Services did not help him with transportation. However, for the following reasons, the court determined that I.M.'s need for a legally secure placement could not be achieved without granting permanent custody to Children Services.

{¶22}   The trial court noted that McClelland has an extensive history of both drug abuse and criminal activity. In January 2009, after surveillance revealed that numerous known drug dealers and drug users were frequenting the residence of McClelland and Kasler, police executed a search warrant at the home. During the search, police found heroin, cocaine and various drug paraphernalia. As a result, both McClelland and Kasler were indicted for felony drug offenses. McClelland's drug case was still pending at the time of I.M.'s permanent custody hearing.

{¶23}   Though McClelland testified that the last time he used illegal drugs was in March or April of 2009, the evidence casts strong doubt on that assertion. In August of 2009, two months before I.M.'s birth, during a surprise inspection at McClelland and Kasler's home by the Adult Parole Authority, syringes and other drug paraphernalia were found at the residence. And during that same visit, McClelland tested positive for opiates. During his testimony at the permanent custody hearing, though he

claimed he tested positive because he was taking doctor prescribed Vicodin, he could not explain why he was crushing, liquefying and injecting the drug. Trying to explain the presence of some of the drug paraphernalia, McClelland testified, "The burnt pop cans that was from where I would actually put the drug on the pop can. * * * I was just, it was just, I can't really explain why I done [sic]. It was stupid." Again, this incident took place only two months before I.M. was born. Additionally, since I.M.'s birth, McClelland has, on at least one occasion, refused to take a drug screen. Further, he has refused to provide the necessary medical releases which would allow Children Services and the court to verify his claims that he no longer abuses illegal drugs.

{¶24}    Finally, McClelland has been convicted of felony non-support regarding an older child of his. At the time of I.M.'s permanent custody hearing, he owed approximately $22,000 in back child support. And during the time of the August 2009 incident, in which the Adult Parole Authority found evidence of drug use in McClelland and Kasler's home, McClelland was on community control for his felony non-support conviction. The case against him for his violation of community control had not been settled at the time of I.M.'s permanent custody hearing.

**{¶25}**   Our review of the record below, including the transcripts of the permanent custody hearings, shows that each of the trial court's findings were fully supported.  As such, the trial court had clear and convincing evidence that awarding permanent custody to Children Services was in I.M.'s best interest, we overrule Mark McClelland's sole assignment of error.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,


BY: _____
Matthew W. McFarland, Judge



**NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**