[Cite as *In re Guardianship of Weimer*, 2019-Ohio-4295.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF RICHARD E. WEIMER | : : : : : : : : : : : | Appellate Case No. 28327 |
|  |  | Trial Court Case No. 2018-GRD-193 |
|  |  | (Appeal from Probate Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of October, 2019.

. . . . . . . . . . .

REBECCA BARTHELEMY-SMITH, Atty. Reg. No. 0003474, 7821 North Dixie Drive, Dayton, Ohio 45414
        Attorney for Appellant Barbara Turner

EDWARD M. SMITH, Atty. Reg. No. 0010272, 109 North Main Street, Suite 500, Dayton, Ohio 45402
        Attorney for Appellee Richard Weimer

. . . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** Barbara Turner, daughter of Richard E. Weimer, appeals from a judgment of the Montgomery County Court of Common Pleas, Probate Division, which dismissed her application for guardianship of her father. For the following reasons, the probate court's judgment will be affirmed.

## I. Procedural History

**{¶ 2}** On July 24, 2018, Turner filed an application, pursuant to R.C. 2111.03, for the appointment of a guardian for Weimer's person and property. The application included a Statement of the Next of Kin of Proposed Ward (R.C. 2111.03(D)), which indicated that Weimer had four adult daughters and was married to Geraldine Weimer. The record reflects that Weimer and Geraldine married in March 2018, when Weimer was 83 years old and Geraldine was 86 years old.

**{¶ 3}** No Statement of Expert Evaluation was attached to Turner's application, and the application itself did not indicate the reason Turner believed Weimer to be incompetent. However, Turner's Applicant's Report[1] stated that Weimer was unable to perform many basic tasks of daily living by himself, that he previously had been diagnosed with onset of dementia, and that his hygiene and appearance had deteriorated. Turner claimed that Weimer's wife was isolating him from his daughters. Concurrent with the filing of the application, Turner filed a motion for order of independent expert evaluation, stating that she did "not have access to proposed ward in order to take him to a qualified physician for evaluation of his mental condition" and requesting an order requiring an

---

[1] An Applicant's Report is required by Rule 66.1(A)(2) of the Local Rules of the Montgomery County Probate Court.

independent expert to evaluate her father. The same day, the probate court granted the motion for an independent expert evaluation and scheduled a hearing for September 11, 2018.

{¶ 4} Notice of the guardianship application and the scheduled September 11 hearing was personally served on Weimer on July 31, 2018. It is unclear whether Weimer was served with the motion and order for an expert evaluation, although the record reflects that he had personal knowledge of them.

{¶ 5} On the same day (July 31), the court's investigator filed an investigator's report on the guardianship petition. The report indicated that the investigator met with Weimer and his wife at Weimer's home. According to the investigator, the home was cluttered and had stacks on the floor, creating a high risk of accidents. Weimer was neatly and appropriately dressed, and reported being capable of eating, dressing, transferring to a bed, toileting, and bathing. The investigator noted no impairments to Weimer's speech, thought process, and affect, but noted impairments to Weimer's orientation (person, place, time) and memory. The investigator reported that Weimer knew he had four daughters, that two lived out of state, and that he had revoked one power of attorney; he had forgotten that Turner also had one. The investigator wrote that Weimer "seem[ed] to know of his finances and financial obligations."

{¶ 6} The investigator found that Weimer had a good understanding of the concept of guardianship and that Weimer was opposed to it. Weimer reported to the investigator that he (Weimer) would consult with his attorney. The report noted that no Statement of Expert Evaluation had been provided, but also indicated that there was no need for additional medical, psychiatric, or psychological testing. The investigator's report stated

that the appointment of an independent expert evaluator was needed.

{¶ 7} On August 9, 2018, Turner moved for an order referring Weimer to Sparks Psychological Services for an independent expert evaluation. The probate court granted the motion, stating that Weimer "will attend the appointment for evaluation at the date and time schedule[d] with Sparks Psychological Services office. Applicant, Barbara A. Turner shall bring Richard E. Weimer to said appointment."

{¶ 8} In late August 2018, Weimer and his wife moved to Scioto County, Ohio.

{¶ 9} On September 4, 2018, Weimer, through counsel, moved to dismiss the guardianship application. He asserted that the application failed to state a claim under R.C. Chapter 2111 in that it failed to specify how he was allegedly incompetent. Weimer argued that Turner failed to comply with the requirement to support the application with a Statement of Expert Evaluation, as required by Sup.R. 66(A). Weimer also argued that he was not, in fact, incompetent, and he submitted expert evaluations from two of his physicians, Dr. Andrew Diller and Dr. Frank E. Cunningham, both of whom concluded that the request for guardianship should be denied. Additionally, Weimer stated that he and his wife had moved to another county and were no longer residents of Montgomery County. Further, he claimed that his wife would be the proper guardian, if one were necessary. Weimer's motion to dismiss described animosity by Turner and one of her sisters toward Weimer's new wife, Geraldine, and alleged that Turner's guardianship application was a "selfish" act on Turner's part.

{¶ 10} An initial hearing on the application was held before a magistrate on September 11, 2018.[2] No testimony was presented regarding Weimer's competence,

---

[2] Counsel for both Turner and Weimer appeared on their clients' behalf, and Turner was

and the discussion mainly focused on the court's jurisdiction to proceed in light of Weimer's relocation to another county. The magistrate stated the court needed to resolve its jurisdiction before addressing whether Weimer should be required to have another evaluation. The magistrate ordered the parties to file additional memoranda concerning the probate court's jurisdiction, and he continued the hearing until October 9, 2018. The magistrate apparently conducted another hearing on October 9, 2018, but a transcript of that hearing is not in the record.[3]

{¶ 11} On October 11, 2018, Weimer moved to vacate the entry ordering an independent expert evaluation and referring him to Sparks Psychological Services, claiming that Turner had sought an evaluation from Dr. Diller, one of the physicians who had provided an evaluation, and the matter was moot. Turner did not respond to this motion.

{¶ 12} On November 7, 2018, the magistrate determined that the probate court had jurisdiction over the guardianship proceeding despite Weimer's relocation, but concluded that it should dismiss the guardianship application based on the two expert evaluations it had received. The magistrate reasoned with respect to the expert evaluations:

> * * * Discussions with counsel for the applicant indicated that she had
>
> tried to secure an evaluation from Dr. Andrew Diller of the assisted living
>
> facility, but he indicated that he could not give her an evaluation since he

---

also present for the hearing. The transcript reflects that Weimer was not present.

[3] Turner's November 21, 2018 objection to the magistrate's decision states that the probate court held two hearings, both of which related to jurisdiction, and no testimony was taken regarding the necessity of a guardianship.

had not examined Mr. Weimer recently.

Dr. Andrew Diller ultimately did do an evaluation on August 13, 2018 indicating that Mr. Weimer is competent and that a guardianship is unnecessary. An additional expert evaluation was submitted by Dr. Frank Cunningham indicating that he evaluated Mr. Weimer on August 29, 2018, has been his physician for almost 5 years, and that Mr. Weimer is competent and that a guardianship is unnecessary. Both the examinations and reports were performed and submitted on behalf of Mr. Weimer subsequent to this court's order for Mr. Weimer to submit to an examination. Though not at Sparks Psychological Services as requested by the applicant, the prospective ward did substantially, if not indirectly, comply with this court's order.

{¶ 13} On the same day, the probate court adopted the magistrate's decision and dismissed the guardianship application.

{¶ 14} Turner objected to the magistrate's decision, arguing that the magistrate erred in dismissing the application before an independent evaluation was performed, in accordance with the court's orders. Turner further claimed that the dismissal was inappropriate prior to a hearing on whether a guardianship was necessary. Weimer opposed the objections, again arguing Turner failed to obtain a Statement of Expert Evaluation prior to filing her application, that he was competent, that he had substantially complied with the order by the court to undergo an expert evaluation, and that the probate court lacked jurisdiction over the action. A transcript of the September 11, 2018 hearing was filed on January 4, 2019; the record does not contain a transcript of the October 9,

2018 hearing.

**{¶ 15}** On February 22, 2019, the probate court overruled the objections, adopted the magistrate's decision, and dismissed the guardianship application.[4] The probate court overruled any objections to the magistrate's factual findings on the ground that the transcript was not timely filed. As to Turner's objection to the dismissal of her application without a hearing on the merits, the court stated:

> * * * The Court finds that Barbara's Objections fail to provide any reason to grant her another hearing. First, even if the Court were to accept that Barbara did not have sufficient opportunity to obtain a statement of expert evaluation for the Court's consideration prior to filing the guardianship application, once the Court granted the Motion for Order of Referral to Expert Evaluation Barbara still failed to take immediate action pursuant to the Order to timely schedule an appointment for Richard with the mental health expert she selected. Barbara does not argue, and the record does not demonstrate, that she did not have an opportunity to timely arrange an appointment for Richard to be evaluated by Sparks Psychological Services.
>
> Second, and more importantly, although the Court previously ordered Richard to submit to an examination with Sparks Psychological Services because the Court believed the examination to be beneficial in determining whether a guardianship was necessary, Richard's filing of two

---

[4] The probate court did not expressly address its jurisdiction, but we infer that the probate court adopted the magistrate's conclusion that it had jurisdiction over the action.

expert evaluations subsequent to the Court's Order rendered any additional evaluations unwarranted and unnecessary. Notably, Barbara filed her initial Motion for Order for Independent Expert Evaluation pursuant to R.C. 2111.031. R.C. 2111.031 expressly states that "in connection with an application for the appointment of a guardian for an alleged incompetent, the court may appoint physicians and other qualified persons to examine, investigate, or represent the alleged incompetent, to *assist the court* in deciding whether a guardianship is necessary." (Emphasis added.)

Since R.C. 2111.031 is explicitly limited to assisting the Court in its determination of "whether a guardianship is necessary," the Court acted within its discretion under the statute when it declined to enforce its previous order for the independent expert evaluation with Sparks Psychological Services after finding that Richard "did substantially, if not indirectly, comply with this court's order" and relied on the two expert evaluations he filed in determining that Barbara's application for guardianship should be dismissed. See *In re Guardianship of Ray*, 4th District Jackson No. 657, 1991 Ohio App. LEXIS 4308, *10 (Sept. 16, 1991). * * *

**{¶ 16}** Turner appeals the probate court's judgment, claiming that the probate court "erred in dismissing the guardianship and denying the independent examination."

## II. Dismissal of Turner's Guardianship Application

**{¶ 17}** Turner claims that the probate court erred in dismissing her application without requiring Weimer to submit to an independent expert evaluation. Turner submits that "the Court should enforce its own orders." Turner further claims that she was not

provided an opportunity to present evidence that a guardianship was necessary, nor did she have an opportunity to cross-examine the physicians who filed expert reports for Weimer. Turner argues that she was denied due process as a result.

{¶ 18} R.C. 2111.02(A) authorizes a probate court to appoint, "if necessary," a guardian of the person, the estate, or both, of an incompetent person residing in the county. An "incompetent" includes "[a]ny person who is so mentally impaired, as a result of a mental or physical illness or disability, as a result of intellectual disability, or as a result of chronic substance abuse, that the person is incapable of taking proper care of the person's self or property." R.C. 2111.01(D)(1).

{¶ 19} A person applying for appointment as a guardian must file an application, in accordance with R.C. 2111.03, and the court must provide written notice to the alleged incompetent person in accordance with R.C. 2111.04. At the time of service of notice upon the alleged incompetent person, the court must require a probate court investigator to investigate the circumstances of the alleged incompetent person. The investigator's report is to include a recommendation regarding the necessity for a guardianship or a less restrictive alternative, among other requirements. R.C. 2111.041(A).

{¶ 20} R.C. 2111.031 permits the probate court to "appoint physicians and other qualified persons to examine, investigate, or represent the alleged incompetent, to assist the court in deciding whether a guardianship is necessary."

{¶ 21} Prior to the appointment of a guardian, the court must conduct a hearing on the matter of appointment, during which "the burden of proving incompetency shall be by clear and convincing evidence." R.C. 2111.02(C)(3). The Ohio Supreme Court has defined "clear and convincing evidence" as "the measure or degree of proof that will

produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re Estate of Haynes*, 25 Ohio St.3d 101, 104, 495 N.E.2d 23 (1986).

{¶ 22} In support of its decision that it would not enforce its previous order that Weimer undergo an expert evaluation from Sparks Psychological Services, the probate court relied on *In re Guardianship of Ray*, 4th Dist. Jackson No. 657, 1991 WL 179418 (Sept. 16, 1991). In that case, the alleged incompetent person underwent an examination by a neurologist, who found no major neurologic abnormalities, but determined that Ray's memory deficit was "so profound that she was markedly impaired and possibly had an 'Alzheimer [sic] type problem.' " *Id.* at *1. The neurologist recommended that Ray also receive a CT scan and EEG. The applicant, one of Ray's children, subsequently moved for an order requiring Ray to submit to the CT scan and EEG; the court granted the motion. Ray did not receive the testing, and the appellant later argued that the appellees (who were appointed Ray's guardians) should be held in contempt for failing to bring Ray for the scheduled medical tests.

{¶ 23} The trial court overruled the contempt motion, finding that the CT scan and EEG were no longer "essential" or "particularly relevant" in light of Ray's subsequent consent to a guardian and a durable power of attorney selecting appellees as her guardians. The Fourth District affirmed, stating that "the trial court did not abuse its discretion pursuant to R.C. 2111.031 in failing to enforce its previous order since the parties had agreed that a guardianship was necessary, and the only remaining issue was

who would be appointed guardian(s)." *Ray* at *4.

{¶ 24} *Ray* is factually distinguishable since the parties in this case did not agree that a guardianship was required and the issue of Weimer's competence remained in dispute. Regardless, given the factual circumstances before us, we conclude that the probate court did not abuse its discretion in this case when it failed to enforce its order to require Weimer to undergo an evaluation by Sparks Psychological Services.

{¶ 25} Turner filed her first motion for an independent expert evaluation on July 24, 2018, in conjunction with her application for guardianship. This motion did not request an evaluation by a particular physician or other qualified expert. Turner's August 9 motion requested an evaluation by Sparks Psychological Services. When Weimer moved to vacate the orders requiring an independent evaluation as moot due to his evaluations by Drs. Diller and Cunningham, Turner did not oppose the motion. In its decision, the probate court noted that Turner had attempted to obtain an evaluation from Dr. Andrew Diller, and Turner has not disputed that representation. The probate court reasonably concluded that Diller's expert evaluation, in particular, satisfied Turner's request that her father receive an independent expert evaluation and that a third evaluation was no longer necessary to assist the court in its determination of whether a guardianship was necessary. Accordingly, the probate court did not abuse its discretion by not enforcing its prior order that Weimer be evaluated by Sparks Psychological Services.

{¶ 26} Moreover, we find no fault with the probate court's dismissal of the guardianship application without an evidentiary hearing on Weimer's competence. The probate court had received two expert evaluations, both of which were performed after

the application was filed and which concluded that Weimer was competent and that guardianship was not necessary. Dr. Diller spent 30 minutes performing his evaluation; Dr. Cunningham spent 80 minutes. Both doctors noted "mild cognitive impairment" regarding Weimer's orientation and memory, but believed that Weimer was capable of caring for his activities of daily living, making decisions, and managing his finances and property. Both indicated that Weimer's condition was stable and that he did not require a guardian.

{¶ 27} Furthermore, guardianship proceedings "are not adversarial but rather are in rem proceedings involving only the probate court and the ward. Because the probate court is the superior guardian, the appointed guardian is simply an officer of the court subject to the court's control, direction, and supervision. The guardian, therefore, has no personal interest in his or her appointment or removal." (Citations omitted.) *In re Guardianship of Spangler*, 126 Ohio St.3d 339, 2010-Ohio-2471, 933 N.E.2d 1067, ¶ 53. While R.C. 2111.02(C) requires a hearing "[p]rior to the appointment of a guardian," there is no requirement if a guardian is *not* appointed, since the focus of that provision is to protect the rights of the prospective ward, not the prospective guardian. In this case, the probate court did not violate Turner's due process rights, if any, when it granted a motion to dismiss based on a lack of evidence of incompetence, particularly when it had two expert evaluations concluding that Weimer was competent and Turner had not opposed the motion to vacate the requirement that Weimer submit to a third evaluation.

{¶ 28} Turner's assignment of error is overruled.

### III. Conclusion

{¶ 29} The probate court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Rebecca Barthelemy-Smith
Edward M. Smith
Beth Hess
Brenda Collins
Rebecca Kleismit
Hon. Alice O. McCollum