IN RE ESTATE OF HAYNES.

[Cite as In re Estate of Haynes (1986), 25 Ohio St. 3d 101.]

(No. 85-1193—Decided July 23, 1986.)

*Daniel E. Wright,* for appellee.

*Lucas, Prendergast, Albright, Gibson & Newman, James E. Melle* and *Ralph W. Lucas,* for appellant.

WRIGHT, J. The first issue for our consideration concerns the standard of proof regarding the sufficiency of the evidence to rebut the presumption that the testator revoked his will. The controlling statute is R.C. 2107.26, which provides:

"When an original will is lost, spoliated, or destroyed subsequent to the death of a testator, or before the death of such testator if the testator's lack of knowledge of such loss, spoliation, or destruction can be proved by clear and convincing testimony, * * * the court may admit such lost, spoliated, or destroyed will to probate, if such court is satisfied the will was executed according to the law in force at the time of its execution and not revoked at the death of the testator."

This court has previously determined the appropriate standard of proof for admitting a lost, spoliated, or destroyed will to probate in *In re Estate of Tyler* (1953), 159 Ohio St. 492 [50 O.O. 419], and *Cole* v. *McClure* (1913), 88 Ohio St. 1. Both these cases held that to overcome the presumption that the decedent revoked his will, the proponent of the will had to satisfy the probate court by clear and convincing evidence that the will was lost, spoliated, or destroyed after decedent's death or, if such occurred before the decedent's death, that decedent lacked knowledge of such spoliation.

Accordingly, the standard of proof necessary to admit a lost, spoliated, or destroyed will to probate is clear and convincing evidence that the loss, spoliation, or destruction of the original will occurred subse-

quent to the death of the testator or before the death of the testator, but without his knowledge. Clear and convincing evidence is the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.

The second issue for our consideration is whether the probate court properly excluded testimony proffered by Cornelia Haynes tending to establish that Phillip Ashley Haynes and John Haynes destroyed the original will, dated November 15, 1979.

Where a will is left in the custody of someone other than the testator and is not found at the death of the testator, there is no presumption that it was revoked. Annotation (1949), 3 A.L.R. 2d 949, 951; Annotation (1948), 172 A.L.R. 354, 356. However, where a will is left in the custody of a testator and cannot be found after his death a presumption arises that he destroyed the will with an intent to revoke it. *Behrens* v. *Behrens* (1890), 47 Ohio St. 323; Annotation (1932), 79 A.L.R. 1493, 1498.

The presumption is not conclusive and may be rebutted; it is by no means an impossible burden. The presumption may be overcome by proof of declarations made by the decedent, by proof of circumstances surrounding the condition of the testator or of the testator's relations to the persons involved, or by testimony that a third party fraudulently destroyed the will.

The proceeding to admit a lost, spoliated, or destroyed will is a special statutory proceeding in which the hearsay rule is inapplicable.[1] Testimony by witnesses to declarations made by one other than the testator tending either to support or rebut the presumption is admissible on the issue of revocation. The role of the probate court is to review all facts and circumstances surrounding the condition of the testator, the execution of the will and, if the proceeding is to admit a lost, spoliated, or destroyed will, the explanation of the missing, spoliated, or destroyed will so that the court may act from all testimony that may be offered. As stated in *Banning* v. *Banning* (1861), 12 Ohio St. 437, 448: "The establishment and probate of a spoliated will is no idle ceremony, no matter of mere form, no *ex parte* proceeding; but, on the contrary, it is a proceeding on full notice, affording ample opportunity for contest * * *." We therefore hold that the rejection of the proffered testimony was prejudicial error and requires a rehearing on the issue of revocation.

---

[1] We acknowledge that the Staff Note to Evid. R. 101(C)(7) indicates that a probate proceeding may become adversarial when a dispute over the admissibility of a will occurs and in that instance the Rules of Evidence should apply to the proceeding. Even if we were to hold the Rules of Evidence applicable in the present case, the prior out-of-court statements made by Phillip Ashley Haynes would be admissible as an admission by a party opponent, Evid. R. 801(D)(2).

Accordingly, and for the reasons stated herein, we affirm the court of appeals' judgment reversing the probate court and remand this cause to that court for further proceedings consistent with this decision.

*Judgment affirmed*
*and cause remanded.*

SWEENEY, LOCHER and C. BROWN, JJ., concur.

HOLMES, J., concurs in part and dissents in part.

CELEBREZZE, C.J., concurs in judgment only.

DOUGLAS, J., dissents.

HOLMES, J., concurring in part and dissenting in part. I agree with the majority's analysis and conclusion as to the standard of proof necessary to admit a lost, spoliated, or destroyed will. However, I must disagree with its characterization of a proceeding to admit a lost, spoliated, or destroyed will as one in which the hearsay rule is inapplicable. For the reasons below, I would find the hearsay rule, and its exceptions, applicable to the case *sub judice* and order affirmance of the appellate court's decision on that basis.

Although Evid. R. 101(C)(7) provides that the rules do not apply to "[s]pecial statutory proceedings of a non-adversary nature in which these rules would by their nature be clearly inapplicable," the Staff Note interpreting such provision clearly demonstrates that the Rules of Evidence were meant to apply in situations such as the case at bar. There it is said that:

"* * * Ordinarily, the probate of an estate is non-adversary, and the rules of evidence should not be applicable. But *if a dispute should arise during the course of the probate proceedings* (for example, a will contest, itself a special statutory proceeding governed by R.C. 2107.71 to 2107.77) the procedure waxes adversary and *the rules of evidence should apply.*

"As for the many 'adversary' statutory proceedings there is every reason to apply the rules of evidence * * *. To give a blanket exclusion to special statutory proceedings adversary in nature would leave a substantial gap in the applicability of the rules of evidence. * * *" (Emphasis added.)

Here, the son of the deceased was confronted on cross-examination with questions regarding his part in the destruction of the original of the 1979 will and the forgery of the 1983 will. Upon his denial of such allegations, appellee, ex-wife of the deceased and mother of the son, attempted to offer the testimony of four witnesses as to the destruction of the 1979 will and payment of $30,000 to have a new will made. Without this testimony being admitted, there may not be clear and convincing evidence

that decedent did not destroy the original of the 1979 will, thus requiring a setting aside of the photocopy of the 1979 will. With the 1983 will having been identified as a forgery and set aside by the probate court, decedent's estate would then pass under this state's descent and distribution laws, under which the son of the deceased would immediately take all, or a large share of the $1,000,000 estate, if there were no other children and the deceased had not remarried, without any of the spendthrift trust restrictions imposed by the 1979 will. These circumstances certainly make the son's financial interest at stake before the probate court adverse to the financial interests of the other devisees and legatees. The lost, spoliated, or destroyed will proceeding could not help but take on an adversary atmosphere, necessitating application of the Rules of Evidence under the theory espoused by the Staff Note to Evid. R. 101(C)(7), *supra.*

Even if the Rules of Evidence are applicable, as I believe they should be, the testimony may still be inadmissible as hearsay under Evid. R. 802. It appears that any statement made by appellant concerning destruction of a will and procurement of a forgery would be against appellant's financial and penal interests. Although the statements-against-interest exception to hearsay under Evid. R. 804(B)(3) applies only if the declarant, appellant here, is unavailable as a witness, which was not the case, the admission by a party opponent provided for in Evid. R. 801(D)(2) should be applied to allow admission into evidence of the testimony at issue.

Appellant contends he is not a party because of his lack of subpoena power and entitlement to defend or rebut. However, when probate proceedings become adversarial, it would be necessary to continue the analogy and to find that "interested persons" in probate proceedings are similar to their counterparts, the "parties" in ordinary civil proceedings, in order to give effect to the meaning of the evidentiary rules. Additionally, the Rules of Civil Procedure would also have to govern under R.C. 2101.32. Thus, appellant would certainly be a "party" and his statements would be admissible under Evid. R. 801(D)(2) as an exclusion from the hearsay rule.

Accordingly, I join in the affirmance of the appellate court's judgment and the remand of this cause to the probate court for further proceedings, but would allow the testimony at issue for the reasons discussed above rather than those articulated by the majority.