[Cite as *Spangler v. Stark Cty. Dog Warden*, 2013-Ohio-4774.]


COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


ROBERT T. SPANGLER

       Plaintiff-Appellant

-vs-

STARK COUNTY DOG WARDEN

       Defendant-Appellee

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2013 CA 00023

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Canton Municipal Court, Case No. 12 CVH 5804 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 28, 2013 |


APPEARANCES:

For Plaintiff-Appellant

JOHN A. BURNWORTH
MATTHEW W. ONEST
KRUGLIAK, WILKINS
GRIFFITHS, & DOUGHERTY
4775 Munson Street, NW
Post Office Box 36963
Canton, Ohio 44735-6963

For Defendant-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
MICHAEL S. BICKIS
ASSISTANT PROSECUTOR
110 Central Plaza South
Suite 510
Canton, Ohio 44702

*Wise, J.*

{¶1} Appellant Robert T. Spangler appeals from the decision of the Canton Municipal Court, Stark County, which affirmed a dog warden's classification of his dog as dangerous. The relevant procedural facts leading to this appeal are as follows.

{¶2} Following an incident on or about August 24, 2012, as further analyzed infra, Appellee Stark County Dog Warden notified Appellant Spangler that his mixed-breed dog, Shadow, was being classified as a dangerous dog pursuant to R.C. 955.11.

{¶3} On September 7, 2012, appellant filed an appeal of said classification in the Canton Municipal Court, pursuant to R.C. 955.222.

{¶4} The matter proceeded to a hearing before a magistrate on September 25, 2012. On that date, Appellant Spangler appeared pro se; no one appeared on behalf of Appellee Stark County Dog Warden. The magistrate proceeded to hear from appellant and thereupon issued a decision finding Shadow was not a dangerous dog under the aforementioned statute.

{¶5} However, on September 26, 2012, appellee filed an objection to the decision of the magistrate, asserting that the dog classification complaint filed by appellant did not include any notice of the hearing conducted on September 25, 2012. The matter was then rescheduled for a hearing before a different magistrate on October 17, 2012.

{¶6} On October 18, 2012, the magistrate filed a handwritten decision finding Shadow to be a dangerous dog pursuant to R.C. 955.11, contrary to the first decision issued September 25, 2012.

{¶7}   On October 26, 2012, appellant filed an objection to the decision of the magistrate. Appellant also filed a request for findings of fact and conclusions of law.

{¶8}   On November 28, 2012, the magistrate issued a decision with findings of fact and conclusions of law, again finding Shadow to be a dangerous dog.

{¶9}   Appellant, with leave of the trial court, filed supplemental objections on December 10, 2012.

{¶10} On January 10, 2013, the trial court issued a judgment entry overruling appellant's objections and approving the decision of the magistrate. The trial court issued a nunc pro tunc judgment entry on January 22, 2013. The court further denied appellant's "motion for reconsideration of court's adoption of magistrate's recommended order" [sic] via a judgment entry filed January 29, 2013.

{¶11} Appellant filed a notice of appeal on February 8, 2013. He herein raises the following two Assignments of Error:

{¶12} "I. THE TRIAL COURT'S DECISION TO CLASSIFY APPELLANT'S DOG AS 'DANGEROUS,' PURSUANT TO R.C. 955.11(A)(1)(a)(i) AND R.C. 955.222, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} "II.   THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ADOPTED, THE MAGISTRATE'S RECOMMENDED DECISION CLASSIFYING APPELLANTS [SIC] DOG AS 'DANGEROUS,' PURSUANT TO R.C. 955.11(A)(1)(a)(i) AND R.C. 955.222."

I., II.

{¶14} In his First and Second Assignments of Error, appellant contends the trial court's affirmance of the dog warden's classification of Shadow as dangerous was against the manifest weight of the evidence and an abuse of discretion. We disagree.

{¶15} R.C. 955.11(A)(1)(a)(i) provides the pertinent definition of a "dangerous dog" as "a dog that, without provocation, and subject to division (A)(1)(b) of this section, has *** [c]aused injury, other than killing or serious injury, to any person."

{¶16} R.C. 955.222(C) states in part as follows: "If the owner, keeper, or harborer of the dog disagrees with the designation of the dog as a nuisance dog, dangerous dog, or vicious dog, as applicable, the owner, keeper, or harborer, not later than ten days after receiving notification of the designation, may request a hearing regarding the determination. The request for a hearing shall be in writing and shall be filed with the municipal court or county court that has territorial jurisdiction over the residence of the dog's owner, keeper, or harborer. At the hearing, the person who designated the dog as a nuisance dog, dangerous dog, or vicious dog has the burden of proving, by clear and convincing evidence, that the dog is a nuisance dog, dangerous dog, or vicious dog. ***."

{¶17} The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and

unequivocal." *In re Estate of Haynes,* 25 Ohio St.3d 101, 103–104, 495 N.E.2d 23 (1986).

**{¶18}** Our research has revealed no case law interpretation of the procedure set forth in R.C. 955.222, *supra.* But because the statute essentially calls for a de novo hearing by a municipal court or county court upon request by a dog owner, we find an appellate court's standard of review on a manifest weight challenge in the present context is the same as in a civil case. Generally, a civil judgment which is supported by competent and credible evidence may not be reversed as against the manifest weight of the evidence. *See State v. McGill,* Fairfield App.No. 2004–CA–72, 2005–Ohio–2278, ¶ 18. In *Eastley v. Volkman,* 132 Ohio St.3d 328, 972 N.E.2d 517, 2012–Ohio–2179, the Ohio Supreme Court reiterated the following in regard to appellate review of manifest weight challenges in civil cases: " '[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.' " *Id.* at 334, quoting *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). A reviewing court must determine whether the finder of fact, in resolving conflicts in the evidence, clearly lost his way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *See Hunter v. Green,* Coshocton App.No. 12–CA–2, 2012–Ohio–5801, ¶ 25, citing *Eastley, supra.*

**{¶19}** The record in the case sub judice indicates that on the evening of August 24, 2012, Rachel and Chris Miraglia walked their dog, a black lab, on the street near

appellant's residence on Woodridge Road in Plain Township, Stark County. As they reached a point on the road near the end of appellant's driveway, Shadow left the property and approached the Miraglias' dog. It is undisputed that, at the very least, the two dogs initially sniffed and pawed at each other. According to Rachel, Shadow then "started attacking" their dog, such that Chris, who was holding the leash, "was like jerking the dog around in a circle and their dog [Shadow] was just fiercely chasing after him and it was just chaos." Tr. II at 6. Rachel then recalled that Shadow bit their dog in the neck and bit Chris on his leg. Tr. II at 10.

{¶20} Chris testified that he felt threatened when Shadow came running out into the street, but that Shadow was actually "going for" their dog and "didn't attack me." Tr. II at 13. However, Chris did maintain that Shadow bit him in the calf. Tr. II at 16. He summarized: "Um, [I was] just trying to yank the dogs – trying to get 'em apart when I got bit, just trying to keep the commotions out. I didn't want the dogs to fight, so I was just trying to jerk 'em around. I guess I just so happened to be the one that got bit, I mean, you know I'm sure it was an accident. It wasn't like it was intentional – you know, as far as, uh, I can't say that …. I would never expect to think that a dog's going to bite me. ***." *Id.* Chris also noted that the bite broke the skin and that he went to either Mercy Medical Center or Aultman Hospital for treatment, where he was given a tetanus shot. *Id.* However, as appellant emphasizes, the Miraglias did not provide any photographs or written medical documentation of the bite.

{¶21} During the hearing, a written statement by appellant's adult daughter, Lisa Spangler, was read into the record without objection by appellee.[1] Lisa stated therein that she had been painting in the garage when she heard Shadow's collar bell ringing and went to check on him. Tr II. at 26. She then saw Shadow in the street with a man, woman, and another dog. She indicated that when she got to a position about ten feet away, the dogs started barking and pawing at each other. Tr. II at 26. According to her statement, she saw the man jerk his dog and began shouting and cursing. Tr. II at 26. She also said she saw the man kick Shadow at least twice before she caught his collar. Tr. II at 27. She then heard the man say Shadow had bitten him and had bitten his dog twice, but she did not see Shadow bite the man. Tr. II at 27.

{¶22} Appellant urges that based on the conflicting testimony, assuming Chris was bitten at all, it was just as likely that his own dog bit him in the incident. *See* Appellant's Brief at 11. However, "[i]t is well-established that when there is a conflict in the testimony on any subject, the question is one for the trier of fact." *Ayers v. Ishler*, 5th Dist. Delaware No. 11 CAE 01 0001, 2011-Ohio-4272, ¶ 60, citing *Barnett v. Hills* (App.1947), 50 Ohio Law Abs. 208, 212, 79 N.E.2d 691. Moreover, we reiterate that the statute in question merely requires a demonstration that the dog in question "caused injury" without provocation. Here, even if the finder of fact had rejected Chris and Rachel's recollection that Shadow initiated the bite, evidence was presented that Shadow left appellant's property and confronted the Miraglias' dog, leading to a chain of events resulting in some sort of puncture injury to Chris Miraglia's leg. As an appellate

---

[1] Earlier in the hearing, Rachel Miraglia had noted the presence of a female trying to get Shadow back during the incident in question. However, Rachel repeatedly described this individual as a "little girl." *See* Tr. II at 7.

court, we ordinarily must presume that the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result. *See State v. Link,* 155 Ohio App.3d 585, 2003–Ohio–6798, 802 N.E.2d 680, ¶ 17, citing *State v. Virasayachack* (2000), 138 Ohio App.3d 570, 741 N.E.2d 943.

{¶23} Upon review, we find the trial court's decision under the statute's clear and convincing standard was not an abuse of discretion requiring reversal and did not create a manifest miscarriage of justice requiring that the judgment be reversed and a new hearing ordered. Appellant's First and Second Assignments of Error are therefore overruled.

{¶24} For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

_____
HON. JOHN W. WISE

_____
HON. W. SCOTT GWIN

_____
HON. CRAIG R. BALDWIN

JWW/d 1010

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


ROBERT T. SPANGLER            :
                              :
    Plaintiff-Appellant       :
                              :
-vs-                          :            JUDGMENT ENTRY
                              :
STARK COUNTY DOG WARDEN       :
                              :
    Defendant-Appellee        :            Case No. 2013 CA 00023


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

Costs assessed to appellant.


_____
HON. JOHN W. WISE


_____
HON. W. SCOTT GWIN


_____
HON. CRAIG R. BALDWIN