DONOVAN, J.
*984 {¶ 1} Plaintiff-appellant Montgomery County Animal Resource Center (hereinafter referred to as "MCARC") appeals a decision of the Dayton Municipal Court, Civil Division, which adopted a magistrate's decision finding defendant-appellee Rachel Johnson's male pit bull mix, Squirt, to be a "nuisance dog" pursuant to R.C. 955.11(A)(3)(a). MCARC filed a timely notice of appeal with this Court on May 10, 2016.
{¶ 2} The incident which forms the basis for the instant appeal occurred on July 18, 2015, at approximately 8:15 p.m., when an individual named Sherry Lapinski was walking her dog, Zoe, down Mesmer Avenue in Dayton, Ohio. Both Lapinski and Squirt's owner, Johnson, lived at residences located on Mesmer Avenue and were previously acquainted with one another. As Lapinski walked Zoe down the street, Johnson's dog, Squirt, jumped its fence and charged Zoe.
{¶ 3} Squirt bit Zoe on the neck while Lapinski attempted to hit Squirt with an umbrella that she was carrying. Apparently, Lapinski's screams caused Squirt to run away. At some point in time, Lapinski tripped, fell down, and received two minor scratches to her right leg. As a result of a bite to her neck, Zoe was treated by a veterinarian who closed the wound with staples.
{¶ 4} Shortly thereafter, the attack was investigated by the MCARC, which designated Squirt as a "dangerous dog" in a report generated on July 21, 2015, and filed in the trial court on July 27, 2015. Johnson sent a letter to the trial court requesting a hearing to challenge Squirt's designation as a "dangerous dog." On September 9, 2015, a hearing was held before the magistrate. Lapinski testified on behalf of the MCARC, and Johnson represented herself at the hearing. On October 30, 2015, the magistrate issued a decision reversing the MCARC's designation of Squirt as a "dangerous dog," thereafter designating it as a "nuisance dog." The magistrate found that the factors listed in R.C. 955.11(A)(1)(a) necessary to designate Squirt as a "dangerous dog" were not met.
{¶ 5} MCARC filed objections to the magistrate's decision on November 9, 2015. On April 12, 2016, the trial court issued an entry adopting the decision of the magistrate which designated Squirt to be a "nuisance dog" pursuant to R.C. 955.11(A)(3)(a).
{¶ 6} It is from this decision that MCARC appeals.
{¶ 7} MCARC's sole assignment of error is as follows:
{¶ 8} "THE TRIAL COURT ERRED BY OVERRULING PLAINTIFF-APPELLANT [MCARC]'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND ADOPTING THE MAGISTRATE'S DECISION FINDING THE DOG AT ISSUE IN THIS CASE TO BE A NUISANCE DOG AS OPPOSED TO A DANGEROUS DOG."
{¶ 9} In its sole assignment, MCARC contends that the trial court erred when it adopted the magistrate's decision rejecting Squirt's previous designation as a "dangerous *985 dog" and thereafter designating it as a "nuisance dog" pursuant to R.C. 955.11(A)(3)(a). Specifically, MCARC argues that the trial court's judgment was not supported by sufficient evidence and was against the manifest weight of the evidence.
Standard of Review
{¶ 10} In State v. Thompkins, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), the Supreme Court of Ohio described "sufficiency" as follows:
"a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.
Id. , quoting Black's Law Dictionary 1433 (6th Ed. 1990).
{¶ 11} "[B]ecause [ R.C. 955.11(A)(1)(a) ] essentially calls for a de novo hearing by a municipal court or county court upon request by a dog owner, we find an appellate court's standard of review on a manifest weight challenge in the present context is the same as in a civil case." Henry Cty. Dog Warden v. Henry Cty. Humane Soc. , 2016-Ohio-7541, 64 N.E.3d 1076, ¶ 13 (3rd Dist.), citing Spangler v. Stark Cty. Dog Warden, 2013-Ohio-4774, 999 N.E.2d 1247, ¶ 18 (5th Dist.).
{¶ 12} The manifest weight standard of appellate review used in Thompkins applies in both civil and criminal cases. Eastley v. Volkman, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. Consequently, in civil cases, "[w]hen a [judgment] is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.' " State v. Hill, 2d Dist. Montgomery No. 25172, 2013-Ohio-717, 2013 WL 784643, ¶ 8, quoting Thompkins at 387, 678 N.E.2d 541. "A judgment should be reversed as being against the manifest weight of the evidence 'only in the exceptional case in which the evidence weighs heavily against the [judgment].' " Id., quoting State v. Martin, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).
{¶ 13} "Consequently, when reviewing the weight of the evidence, our analysis must determine whether the trial court's judgment was supported by the greater amount of credible evidence, and whether the plaintiff met its burden of persuasion, which in this instance is by clear and convincing evidence." Henry Cty. at ¶ 14, citing Eastley at ¶ 19. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." In re Estate of Haynes, 25 Ohio St.3d 101, 104, 495 N.E.2d 23 (1986).
{¶ 14} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. State v. Bradley, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510 (Oct. 24, 1997).
*986 {¶ 15} Section 955.11(A)(1) of the Revised Code defines a "dangerous dog" as follows:
(a) "Dangerous dog" means a dog that, without provocation, and subject to division (A)(1)(b) of this section, has done any of the following:
(i) Caused injury, other than killing or serious injury, to any person;
(ii) Killed another dog;
(iii) Been the subject of a third or subsequent violation of division (C) of section 955.22 of the Revised Code.
{¶ 16} R.C. 955.11(A)(3) defines a "nuisance dog" as follows:
(a) Subject to division (A)(3)(b) of this section, "nuisance dog" means a dog that without provocation and while off the premises of its owner, keeper, or harborer has chased or approached a person in either a menacing fashion or an apparent attitude of attack or has attempted to bite or otherwise endanger any person.
{¶ 17} In its sole assignment, MCARC argues that although Squirt did not attack Lapinski directly, she fell down and was injured as a result of attempting to protect her own dog, Zoe, from being bitten. Essentially, MCARC asserts that if not for Squirt leaving his property and attacking Zoe, Lapinski would not have sustained two scratches when she fell down. It is the position of the MCARC that Squirt "set in motion the chain of events that resulted in injury to *** Lapinski." MCARC argues that Squirt caused an injury to a person pursuant to R.C. 955.11(A)(1) and should have been designated a "dangerous dog."
{¶ 18} In support of its argument, MCARC relies upon a case from the Fifth District Court of Appeals, Spangler v. Stark County Dog Warden , 2013-Ohio-4774, 999 N.E.2d 1247 (5th Dist.). In Spangler , the complaining witness testified that while he was walking his dog, another dog named Shadow tried to attack his dog. When the complaining witness attempted to pull the dogs apart, Shadow bit him in the calf. Because Shadow bit the complaining witness during the altercation, the trial court designated it a "dangerous dog" pursuant to R.C. 955.11(A)(1). The appellate court upheld the designation finding that the trial court had before it clear and convincing evidence that Shadow bit the complaining witness " 'caus[ing] injury' without provocation." Upon review, Spangler is distinguishable from the case at bar. In Spangler , there was no question that the dog, without provocation, caused the person's injury during the attack.
{¶ 19} In the instant case, Squirt's attack was directed at Lapinski's dog, Zoe. Unlike the complaining witness in Spangler who was actually bitten by the dog, there was a lack of evidence adduced at the hearing that the attack on Lapinski's dog involved any attempt to bite, attack, or otherwise bring about injury to Lapinski or any other person. Lapinski acknowledged that she fell and scratched her leg when she tripped. The evidence is thin as to the exact sequence of events and is not clear if the scratches occurred after the altercation ceased. Pursuant to R.C. 955.222(C), "[i]f the owner, keeper, or harborer of the dog disagrees with the designation of the dog as a nuisance dog, dangerous dog, or vicious dog, as applicable, the owner, keeper, or harborer, not later than ten days after receiving notification of the designation, may request a hearing regarding the determination. *** At the hearing, the person who designated the dog as a nuisance dog, dangerous dog, or vicious dog has the burden of proving, by clear and convincing evidence, that the dog is a nuisance dog, dangerous dog, or vicious dog. ***." We cannot find that the *987 MCARC met its burden of proof on this record. Furthermore, the trial court found Spangler distinguishable.
{¶ 20} Accordingly, the trial court did not err when it rejected MCARC's designation of Squirt as a "dangerous dog" pursuant to R.C. 955.11(A)(1). Based upon the evidence adduced in the instant case, we cannot find the trial court's decision rejecting Squirt's designation as a "dangerous dog" is against the manifest weight of the evidence. Simply put, MCARC did not adduce sufficient evidence in order to designate Squirt as a "dangerous dog."
{¶ 21} MCARC's sole assignment of error is overruled,
{¶ 22} MCARC's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
HALL, P.J. and FROELICH, J., concur.