[Cite as *Denman v. Carroll Cty. Dog Warden*, 2022-Ohio-2081.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### CARROLL COUNTY

AMBER DENMAN,

Plaintiff-Appellant,

v.

CARROLL COUNTY DOG WARDEN,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 CA 0951**

---

Civil Appeal from the
Municipal Court of Carroll County, Ohio
Case No. CVF 2100117

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. DanaMarie K. Pannella*, Holland & Muirden, 1343 Sharon-Copley Rod, P.O. Box 345, Sharon Center, Ohio 44274, for Plaintiff-Appellant and

*Atty. Steven D. Barnett,* Carroll County Prosecutor*, Atty. Adam E. Lumley*, Assistant Prosecutor, 7 East Main Street, Carrollton, Ohio 44615, for Defendant-Appellee.

Dated:
June 17, 2022

_____

**Donofrio, P. J.**

{¶1}     Defendant-appellant, Amber Denman, appeals from a Carroll County Municipal Court judgment that found appellant's dog should be designated as a "dangerous dog" as defined by statute.

{¶2}     On May 2, 2021, plaintiff-appellee, the Carroll County Dog Warden, received a call about a fight between two neighboring dogs that had occurred the day before.  It was alleged that appellant's dog, Tigger, had attacked Johnathan and Leslie Roundtree's dog, Pepper; Pepper died from the injuries sustained.  Tigger is a pit-bull/terrier mix and Pepper was a miniature poodle/chihuahua mix.

{¶3}     According to Johnathan, he was sitting in his kitchen on May 1, 2021, when his wife let their dogs out.  He soon heard Pepper "scream" and ran outside.  Johnathan saw Tigger shaking Pepper in his mouth.  He was able to pull Pepper away from Tigger and Pepper ran back towards Johnathan's house.  Tigger then ran after Pepper and grabbed Pepper again.  Johnathan was able to get Tigger to release Pepper.  He and his wife rushed Pepper to an emergency clinic where Pepper died from her injuries.

{¶4}     Based on these events, on May 18, 2021, appellee designated Tigger as a "dangerous dog" pursuant to R.C. 955.11.  Appellant objected to this designation arguing there was provocation for the attack.

{¶5}     Because appellant objected to the dangerous dog designation, on July 7, 2021, a bench trial was held for appellant to challenge the designation.  The trial court found that the dog warden had met its burden of proof, and concluded that Tigger should be designated as a dangerous dog.

{¶6}     On August 6, 2021, appellant filed a timely notice of appeal.  On appellant's motion, the trial court stayed its judgment pending this appeal.  Appellant now raises a single assignment of error.

{¶7}   Appellant's sole assignment of error states:

THE TRIAL COURT ERRED BY FINDING THAT APPELLANT'S
DOG MET THE STATUTORY DEFINITION OF "DANGEROUS DOG"
BY CLEAR AND CONVINCING EVIDENCE.

{¶8}     Appellant argues that appellee did not prove all of the elements of R.C. 955.11 by clear and convincing evidence.  She contends her dog was provoked, which would mean her dog did not meet the statutory definition of "dangerous dog."

{¶9}     An appellate court's standard of review on a manifest weight challenge of a dangerous dog designation is the same as a manifest weight challenge in a civil case. *Henry Cty. Dog Warden v. Henry Cty. Humane Soc.*, 3d Dist. No. 7-16-06, 2016-Ohio-7541, 64 N.E.3d 1076, ¶ 13, citing *Spangler v. Stark Cty. Dog Warden*, 5th Dist. Stark No. 013 CA 200023, 2013-Ohio-4774, ¶ 18.

{¶10}     Judgments supported by some competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus (1978).  See also, *Gerijo, Inc. v. Fairfield*, 70 Ohio St.3d 223, 226, 638 N.E.2d 533 (1994).  Reviewing courts must oblige every reasonable presumption in favor of the lower court's judgment and findings of fact.  *Gerijo*, 70 Ohio St.3d at 226 (citing *Seasons Coal Co.*, supra).  In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment.  *Id.*

{¶11}     R.C. 955.11(A)(1)(a) defines a "dangerous dog" as a dog that without provocation has done any of the following:

(i) Caused injury, other than killing or serious injury, to any person;

(ii) Killed another dog;

(iii) Been the subject of a third or subsequent violation of division (C) of section 955.22 of the Revised Code.

{¶12}     For the dog to act "without provocation" means the dog "was not teased, tormented, or abused by a person, or that the dog was not coming to the aid or the defense of a person who was not engaged in illegal or criminal activity and who was not using the dog as a means of carrying out such activity."  R.C. 955.11(A)(7).  The Sixth

Case No. 21 CA 0951

District has set out the definitions of the terms "teasing," "tormenting," and "abusing" as defined by the Ohio Jury Instructions:

> "Teasing" means "to annoy or to trouble or worry persistently, to be troublesome or to pester." "Tormenting" is "conduct which provokes a greater annoyance and implies some torture or pain." And "[a]busing" is "mistreatment which includes some physical injury or pain to the animal."

*Ali v. Lucas Cnty. Dog Warden*, 6th Dist. Lucas No. L-16-1274, 2017-Ohio-2809, 91 N.E.3d 68, ¶ 12, quoting 1 Ohio Jury Instructions 409.03, Section 5.

**{¶13}** Looking at the requirements set out by R.C. 955.11(A), in order to prove a dog is dangerous under the statute, the dog warden must be able to show the dog was not provoked and that the dog either injured a person, killed another dog, or was the subject of repeated violations of R.C. 955.22 (having to do with keeping the dog under control or restrained).

**{¶14}** Appellant's argument here is that appellee failed to prove that her dog acted "without provocation" and that this act killed Pepper.

**{¶15}** We must examine the evidence presented at trial to determine if some competent, credible evidence going to all the material elements of the case exists.

**{¶16}** Carson Leggett, the Carroll County Dog Warden, testified that he received a call from the sheriff's department reporting that a dog had died after being attacked by another dog. (Tr. 6). He stated that the dog that died weighed approximately five to seven pounds. (Tr. 7). The other dog weighed approximately 45 pounds. (Tr. 7). Leggett testified that he did not believe there was any provocation. (Tr. 9).

**{¶17}** Johnathan Roundtree testified that on the day in question he was in his kitchen when his wife let their dogs outside. (Tr. 11). Shortly thereafter, he heard Pepper "screaming." (Tr. 11). He ran outside and saw Tigger shaking Pepper in her mouth "like a toy." (Tr. 11). Johnathan stated he helped his neighbor pull Pepper from Tigger's mouth. (Tr. 12). Pepper then ran to Johnathan's back door. (Tr. 12). Tigger ran after Pepper and grabbed ahold of Pepper again. (Tr. 12). Johnathan and his wife pulled Pepper from Tigger. (Tr. 12-13). They then rushed Pepper to an emergency clinic where she died. (Tr. 13).

**{¶18}** Leslie Roundtree corroborated her husband's testimony. (Tr. 18-24).

**{¶19}** Cheryl Barrett is appellant's mother. Barrett let Tigger outside on the day in question. She testified that Tigger ran out into the yard and Pepper also ran into their side yard. (Tr. 31). She stated that Tigger got to Pepper and she tried to help Johnathan get the two dogs apart. (Tr. 31). During this time, Barrett testified, Johnathan was yelling at her and threatening her. (Tr. 31). She also testified that Tigger has never acted viciously toward another animal or person. (Tr. 32-33).

**{¶20}** Appellant then testified that she was not present during the incident. (Tr. 37, 39).

**{¶21}** The trial court classified the events that happened the day in question as two separate fights. It found that Tigger chased Pepper and attacked her while Pepper was retreating to the Roundtrees' backdoor. It found that Pepper did not provoke Tigger in the fatal attack.

**{¶22}** Competent, credible evidence supports the trial court's judgment. There was no evidence that Tigger was provoked to attack Pepper. Appellant presented some testimony through Barrett that Johnathan was yelling at Barrett when Tigger had Pepper in her mouth the first time. But any provocation, if there was any at all, would be directed by Johnathan, not Pepper. And the testimony was undisputed that Tigger's attack ultimately lead to Pepper's death.

**{¶23}** Construing the evidence in favor of the lower court's judgment and findings of fact as we are required to do, we cannot conclude the trial court's judgment is against the manifest weight of the evidence.

**{¶24}** According, appellant's sole assignment of error is without merit and is overruled.

**{¶25}** For the reasons stated above, the trial court's judgment is hereby affirmed.


Robb, J., concurs.
D'Apolito, J., concurs.


Case No. 21 CA 0951

[Cite as *Denman v. Carroll Cty. Dog Warden*, 2022-Ohio-2081.]

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Municipal Court of Carroll County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**