[Cite as *Fairfield Cty. Dog Warden v. Seifert*, 2022-Ohio-2900.]

COURT OF APPEALS
FAIRFILED COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FAIRFIELD CO. DOG WARDEN | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ANDREW SEIFERT | : | Case No. 2021-CA-00038 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Municpal Court,
                                  Case No. 21 CVH 00665


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 August 18, 2022


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

THOMAS S. LININGER                        SCOTT P. WOOD
239 West Main Street                      120 E. Main Street
Suite 101                                 Suite 200
Lancaster, OH  43130                      Lancaster, OH  43130

*Wise, Earle, P.J.*

{¶ 1} Defendant-Appellant Andrew Seifert appeals the November 3, 2021 judgment entry of the Fairfield County Municipal Court Civil Division overruling Seifert's objections to a magistrate's decision upholding the designation of Seifert's dogs, a Doberman and a German Shepard, as dangerous dogs. Plaintiff-Appellee is the Fairfield County Dog Warden.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 21, 2021, Kimberly Pope was out walking her dog Cooper. Cooper is a small mixed-breed dog weighing 10-11 pounds. Pope stopped in front of her neighbor Max's home to talk. While they spoke, Cooper lay at Pope's feet and Pope's back was to Seifert's house which is across the street. During the conversation Max said to Pope "Oh my God watch out." When Pope turned to see what was wrong she saw Seifert's dogs, charging at her. The dogs knocked her to the ground and onto her left side. Pope managed to keep hold of Cooper's leash with her left hand. She saw the Doberman bite her left hand. At the same time, the German Shepard was at the back of her neck. Max yelled for Pope to protect her neck and head. When Pope placed her right hand at the back of her neck to protect herself, the German Shepard bit that hand. The Doberman then went after Cooper. Max intervened by chasing Seifert's dogs off with a stick.

{¶ 3} Fairfield County Dog Warden Laura Dixon met with Pope at the Diley Hill Emergency Vet where Pope had taken Cooper. Dixon took a photo of the injury to Pope's left hand. At the time, Pope still had Cooper's blood all over herself and was unaware her right hand was also injured. The attending veterinarian photographed Cooper's injuries. Pope was later seen at Diley Ridge Medical Center for a wound on each hand, left ankle

swelling and pain in her knee and shoulder from being knocked to the ground. Cooper suffered life-threatening injuries, but did recover.

{¶ 4}   Dixon later spoke with Seifert at his home. Seifert stated he was unaware of the incident until Lancaster Police came to talk to him. Seifert further stated he believed the dog's invisible fence collars had malfunctioned or the batteries were dead. He showed Dixon two large kennels on his property, but stated he usually left the kennel doors open so the dogs could come and go as they pleased.

{¶ 5}   Dixon photographed both dogs, the Doberman "Jax" and the German Shepard "Katie." Dixon also issued a home rabies quarantine for both dogs as they were not current on vaccines, issued dangerous dog designations pursuant to R.C. 955.11(1)(A)(a)(i) for both dogs, and two citations for dog at large.

{¶ 6}   Seifert appealed the designation of the dogs as dangerous. On September 17, 2021, an evidentiary hearing was held before a magistrate. Counsel for the Dog Warden elicited the above outlined facts. Seifert presented no evidence. On October 8, 2021, after taking the matter under advisement, the magistrate issued a written decision upholding the designation of both dogs as dangerous. On the same day, the trial court adopted the magistrate's decision.

{¶ 7}   Seifert timely objected to the magistrate's decision. On November 3, 2021, the trial court overruled Seifert's objections.

{¶ 8}   Seifert filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 9}   "THE TRIAL COURT ERRED IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT EITHER OR BOTH OF APPELLANT'S DOGS WERE "DANGEROUS DOGS" AS DEFINED BY R.C. §955.11(A)(1)."

{¶ 10} In his sole assignment of error, Seifert argues the designation of both dogs as dangerous is against the manifest weight and sufficiency of the evidence. We disagree.

Standard of Review

{¶ 11} Sufficiency of the evidence "is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict [decision] is a question of law."  *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 12} An appellate court's standard of review on a manifest weight challenge of a dangerous dog designation is the same as a manifest weight challenge in a civil case. *Spangler v. Stark Cty. Dog Warden*, 5th Dist. Stark No. 013 CA 200023, 2013-Ohio-4774, ¶ 18. The standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  In *Thompkins*, supra, at 387, quoting Black's Law Dictionary 1594 (6th Ed.1990), the Supreme Court of Ohio explained the following:

Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find *the greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in *inducing belief*." (Emphasis sic.)

{¶ 13} In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley v. Volkman*, 132 Ohio St .3d 328, 2012-Ohio-2179, 972 N.E.2d 517. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

Dangerous Dog Designation

{¶ 14} R.C. 955.11(A)(1)(a) defines a "dangerous dog" as a dog that without provocation has done any of the following:

(i) Caused injury, other than killing or serious injury, to any person;

(ii) Killed another dog;

(iii) Been the subject of a third or subsequent violation of division (C)

of section 955.22 of the Revised Code.

{¶ 15} R.C. 955.222(C) provides in part that if the owner of a dog disagrees with the designation of the dog as a dangerous dog, the owner, not later than ten days after receiving notification of the designation, may request a hearing regarding the determination. At the hearing, the person who designated the dog as a dangerous dog has the burden of proving, by clear and convincing evidence, that the dog is a dangerous dog.

{¶ 16} The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re Estate of Haynes*, 25 Ohio St.3d 101, 103-104, 495 N.E.2d 23 (1986).

Seifert's Arguments

{¶ 17} Seifert argues there was insufficient evidence to establish by clear and convincing evidence that either of his dogs caused injury to Pope. He further argues that even if there was clear and convincing evidence regarding causation of the injury, there was not clear and convincing evidence to support a finding that both dogs are dangerous dogs.

{¶ 18} Seifert points to Pope's written statement for the Dog Warden on the day of the attack indicating she had only one injury on her left hand, and the fact that this is

the only injury the Warden photographed. Transcript of trial (T) at 19, 34-37, Warden's exhibit 4. Seifert further argues the injury to Pope's left hand was caused by Cooper's leash which Pope held in her left hand during the attack. T. 31-33.

{¶ 19} We note, however, that Pope testified she saw Jax bite her left hand, and that as she tried to protect her head with her right hand, Katie bit her right hand. T. 24-25. Pope rushed Cooper to the emergency vet before seeking medical assistance for herself and was covered in Cooper's blood. I was not until after she met with Dixon and when she sought medical treatment herself that her hands were cleaned and the second wound was noticed. T. 36. We further note Pope described knee, ankle, and shoulder pain as well as ankle swelling from being knocked to the ground by the charging dogs. T. 28.

{¶ 20} The dangerous dog statute at issue requires only a demonstration that the dog in question "caused injury" without provocation. We find the above outlined evidence was sufficient to support a finding that both dogs caused injury to Pope. We further find the finder of fact did not lose its way in making its credibility determinations and did not create a manifest miscarriage of justice requiring that the judgment be reversed and a new hearing ordered.

{¶ 21} The sole assignment of error is overruled.

{¶ 22} The judgment of the Fairfield County Municipal Court is affirmed.

By Wise, Earle, P.J.

Hoffman, J. and

Delaney, J. concur.

EEW/rw